# Pate *v.* The State.

## *Indictment for Murder.*

1. *Prior threats by defendant as evidence.*—On a trial for murder, prior threats made by the defendant against the deceased are admissible as evidence against him, their weight depending, more or less, on their character, the length of time intervening, and the attendant circumstances.

2. *Evidence showing motive.*—On a trial for murder, it is permissible for the prosecution to prove, as tending to show motive, that unlawful relations existed between the defendant and the wife of the deceased; and this may be shown by the acts of the parties, and the admissions or declarations of the defendant.

3. *Flight, or voluntary surrender, as evidence.*—In a criminal case, the prosecution may prove the defendant's flight soon after the commission of the offense, being in the nature of an implied admission; but, when the prosecution has not adduced any evidence of flight, the defendant can not be allowed to prove that he refused to flee and voluntarily surrendered himself to the sheriff.

4. *Charge as to reasonable doubt.*—A charge instructing the jury that, "no matter how strong the circumstances in the case may be, if, under all the evidence, they believe the defendant might not have committed the offense, then they must find him not guilty," is properly refused.

5. *Evidence of good character; charge as to.*—In a criminal case, evidence of good character may be sufficient to generate a doubt, but only when considered in connection with the other evidence in the case; and a charge instructing the jury that they must acquit the defendant, "if it generate a doubt in their minds apart from all the other evidence in his favor," is properly refused.

6. *Charge as to conflicting testimony of two witnesses.*—A charge instructing the jury that, if the testimony of one witness is directly contradicted by another, and they can not reconcile the two, "then they may reject either, but can not reject the testimony of a witness capriciously; and the burden of proof being on the State, if all the other evidence is in equipoise, they must find the defendant not guilty," is properly refused.

7. *Charge as to alibi.*—A charge instructing the jury that, "in order to support an *alibi*, it is not necessary that the evidence should cover

[Pate v. The State.]

every moment of time in which the offense was committed, but only to create a reasonable doubt that the defendant was there; and if, under all the evidence, there is any reasonable probability that he was not present when the deceased was killed, they must find him not guilty," is properly refused.

FROM the Criminal Court of Jefferson.

Tried before the Hon. S. E. GREENE.

The defendant in this case, Rafe Pate, a negro, was indicted for the murder of John Orr, another negro, by shooting him with a pistol; was convicted of murder in the second degree, and sentenced to the penitentiary for the term of ten years. On the trial, the evidence showed that the dead body of the deceased was found lying on one of the streets of Birmingham, on Sunday morning, March 15th, 1891, with a wound in his temple made by a pistol bullet. William Robinson, the principal witness for the prosecution, testified that on the preceding Saturday night, between the hours of nine and ten o'clock, he passed the defendant and the deceased talking together on the street, near the place where the body was found the next morning, and recognized both of them; that he heard the deceased say, "Go away and let me alone, you have got one child by my wife, and you ought to be satisfied;" that the defendant replied, "Prove it, I will put an end to you before morning;" and that he heard the report of the pistol shot before he had gone one hundred yards, but did not return. The character of said Robinson was impeached by several witnesses for the defense, who swore that they would not believe him on oath; and he was contradicted by several witnesses for the defense, particularly one John Lewis, in important particulars. The prosecution introduced a witness whose testimony "tended to show that there was an unlawful intimacy between the defendant and the wife of the deceased," and another witness whose testimony "tended to show statements by the defendant admitting intimacy between himself and the wife of the deceased;" and the court admitted this evidence, against the objection and exception of the defendant. The State also introduced two witnesses, each of whom testified to declarations, in the nature of threats, made by the defendant against the deceased five or six months before the killing; one of them testifying that he heard defendant say, "If the old horse (meaning John Orr) had not been so humble the other day, he would have fixed him;" and the other, "that he had had trouble with John Orr that morning about his woman, Orr's wife, and if Orr had not talked so pretty, 'he would have fixed him with that,' showing a pistol;" and the court admitted this testimony, against the objection and exception of the defendant.

[Pate v. The State.]

The defendant, testifying for himself, denied that he killed the deceased, and said that he spent Saturday night, from about eight o'clock until one in the morning, assisting a bar-keeper in the city, whose saloon was at least one mile from where the body was found, except an interval of about fifteen minutes, during which he went into a barber's shop and was shaved; and his statement was corroborated by the testimony of the bar-keeper, and of several other persons who saw and spoke to him during that time. The defendant was arrested, under a charge of murder, on the Monday after the killing, but was discharged by the magistrate on preliminary examination; and he offered to prove that, when he was informed a second warrant of arrest had been issued against him, and he was advised by some of his friends to escape, he refused to flee, and at once went to the sheriff and surrendered himself. The court excluded this evidence on objection by the State, and the defendant excepted. Five or six witnesses for the defendant, white men, "testified that they knew his general character, and that it was good."

The defendant requested the following charges in writing, and duly excepted to their refusal: (1.) "No matter how strong the circumstances may be in this case, if the jury, under all the evidence, believe that the defendant might not have committed the crime, then they must find him not guilty." (2.) "If the defendant has proved a good character, the jury may consider it; and if it generates a doubt in their minds, apart from all the other evidence in his favor, then they must find him not guilty." (3.) "If the testimony of William Robinson is directly contradicted by John Lewis, and the jury can not reconcile their testimony, then they may reject either; but they can not reject the testimony of a witness capriciously, and the burden of proof being upon the State, if all the other evidence is in equipoise, they must find the defendant not guilty." (4.) "It is not necessary that the evidence in support of an *alibi* should cover every moment of time in which the offense was committed, but it is only necessary to create a reasonable doubt that the defendant was there; and if, under all the evidence, there is any reasonable probability that the defendant was not present when Orr was killed, then they must find him not guilty."

WM. L. MARTIN, Attorney-General, for the State.—(1.) The evidence as to the existence of criminal relations between the defendant and the wife of the deceased was properly admitted. *Duncan v. State*, 88 Ala. 31, and cases there cited. (2.) Evidence of prior threats was properly received.—*Griffin v. State*,

[Pate v. The State.]

90 Ala. 596; *Wims v. State*, 90 Ala. 623; *Stitt v. State*, 91 Ala. 10; *Barnes v. State*, 88 Ala. 204; *Long v. State*, 86 Ala. 36, *Evans v. State*, 62 Ala. 6; *Hudson v. State*, 61 Ala. 333. (3.) The defendant could not make evidence for himself, by proving his voluntary surrender to the sheriff. *Oliver v. State*, 17 Ala. 587; *Chamblee v. State*, 78 Ala. 466; *Jordan v. State*, 81 Ala. 20. (4.) As to the defense of an *alibi*, the ruling of the court is sustained by the following authorities: Whart. Crim. Ev., 8th ed., § 333; 1 Bish. Crim. Pro., §§ 1066-7; 1 Amer. & Eng. Encyc. Law, 455; 74 Penn. St. 463; 95 Penn. St. 418; *Pollard v. State*, 53 Miss. 410; 24 Amer. Rep. 703; *Landis v. State*, 70 Ga. 652; 48 Amer. Rep. 588; 75 Ga. 856; *Pellum v. State*, 89 Ala. 28. (5.) Of the charges asked, the first and second were properly refused, on the authority of *Little v. Little*, 89 Ala. 99; *Linton v. State*, 88 Ala. 216; *Munkers v. State*, 87 Ala. 94; *Kidd v. State*, 83 Ala. 58; *Barnett v. State*, 83 Ala. 40; *Williams v. State*, 52 Ala. 411. (6.) Charge No. 3 invades the province of the jury.—*Lowe v. State*, 88 Ala. 8; *Norris v. State*, 87 Ala. 85. (7.) The 4th charge asked and refused, is confused, misleading, and vicious.

COLEMAN, J.—Evidence of threats made by defendant against the deceased, previous to the killing, was admissible against him. The weight to be given such evidence depends, more or less, on the character of the threats, the length of time intervening, and the attending circumstances.—*Griffin v. State*, 90 Ala. 599; *Long v. State*, 86 Ala. 43; *Barnes v. State*, 88 Ala. 204; *Evans v. State*, 62 Ala. 6.

It was competent to show that unlawful intimate relations existed between the defendant and the wife of the deceased, and this could be shown by the acts of the parties; and so far as the defendant is concerned, his voluntary statements to that effect were admissible against him. Such relations are evidence of motive.—*Marler v. State*, 68 Ala. 584; 67 Ala. 55; *Johnson v. State*, 17 Ala. 618; *Hall v. State*, 40 Ala. 698.

It is permissible for the State to introduce evidence of flight on the part of the defendant after the commission of the offense; but the refusal of the defendant to flee, there being no evidence of flight offered by the State, is not admissible for him, as tending to establish his innocency. The admission of such evidence would be to allow him to make testimony for himself.—*Jordan v. State*, 81 Ala. 31; *Chamblee v. State*, 78 Ala. 466; *Oliver v. State*, 17 Ala. 587.

In criminal cases, the law only requires that the jury shall be satisfied of the defendant's guilt beyond a reasonable

doubt. The State is not required by its proof to exclude possibilities, or establish the defendant's guilt beyond all doubt.

Evidence of good character must be considered with the other evidence in the case; and if upon the whole evidence, including that of good character, the jury are satisfied beyond a reasonable doubt of his guilt, it is their duty to convict. When the law says that good character alone may be sufficient to generate a doubt, it does not mean that it may be considered independent of the other evidence in the case, but in connection with it.— *Williams v. State*, 52 Ala. 413.

The first and second charges asked by defendant were properly refused.

The third charge requested was also properly refused. Although the testimony of the witnesses William Robinson and John Lewis may have been irreconcilable, there may have been other evidence in the case so bearing upon their testimony as to satisfy the jury of the credibility of the one or the other of these witnesses. The charge is argumentative also.

When the defense is that of an *alibi*, the law casts the burden upon the defendant to reasonably satisfy the jury that he was elsewhere at the time of the commission of the offense. *Pellum v. State*, 89 Ala. 32. This rule of law, as applicable to the defense of an *alibi*, does not require of the defendant to reasonably satisfy the jury of his exact whereabouts every moment of the time necessary to cover the period when the offense was committed, but he is required to prove such a state of facts or circumstances as to reasonably satisfy the jury that he was elsewhere, than at the place where and at the moment when the offense was committed.—1 Amer. & Eng. Encyc. of Law, pp. 454-5; 1 Bish. Cr. Pro., §§ 1066-67; *Pellum v. State*, 89 Ala. 32; *Allbritton v. State*, present term.

The first part of the charge requested in reference to the *alibi* was objectionable, for the reason that it was calculated to mislead. The jury might have inferred from the charge that the *alibi* was sufficiently established, although the testimony adduced in support of it did not reasonably satisfy the jury that he was elsewhere when the offense was committed. A case will not be reversed for refusing a charge which calls for an explanation. We lay down the true rule to be, that evidence adduced to support an *allbi* should be weighed and considered by the jury with the other evidence in the case, and as other facts are weighed and considered, and if upon the whole evidence there is a reasonable doubt of defendant's guilt, he should be acquitted.

Affirmed.