# Prince v. The State.

## *Indictment for Murder.*

1. *Alibi; charge of court as to proof of.*—A charge that "if the defendant has failed to establish his *alibi* through the perjury or through the want of recollection of his witnesses, it is a circumstance against him" is erroneous.

2. *Same.*—A charge to the jury "that the burden of proof is on the defendant to establish his *alibi* and that it must be done to your satisfaction." exacts too high a measure of proof in that it omits the word *reasonable*; if the evidence to prove the *alibi* reasonably satisfies the jury it is sufficient.

3. *Same; effect of as a defense.*—The defense of an *alibi* is as legitimate and effective as any other, and whenever the evidence introduced supports the defense, and its effect is to create a reasonable doubt in the minds of the jury of the defendants guilt he is as much entitled to an acquittal as if the reasonable doubt had been created, or produced by any other legitimate evidence.

4. *Same; testimony of, to be considered by jury in connection with all the other evidence.*—When testimony is before the jury to prove an *alibi* it must be considered by them not apart from, but in connection with all the other evidence, and if, after considering the whole

[Prince v. The State.]

evidence, the jury have a reasonable doubt of the defendants guilt arising out of any part of the evidence they should acquit.

5. *Charge singling out particular fact.*—Courts should avoid singling out and unduly emphasizing any one or more facts in their instructions to the jury.

6. *Same as to probable doubt.*—A charge, "if there is a probable doubt of the guilt of the defendant the jury must acquit" is properly refused, inasmuch as it does not require that the jury shall have a doubt in order to acquit, but implies that a probable doubt is sufficient, that is, if there is a probability that there is a doubt arising from the evidence, that is sufficient.

7. *Same.*—A charge "that if there is a probability of the defendants innocence they (the jury) must acquit" is free from error and should be given when requested in writing by the defendant.

8. *Witness—credibility of for the jury.*—The court should be careful to refrain from language calculated to convey to the minds of jurors its own impressions as to the credibility of the witnesses examined on the trial of a case before it.

9. *Evidence—testimony of expert.*—A witness who testifies that he was a practising physician for many years, during which he had been called to see a few cases of gun shot wounds but "could not by any means by looking at the wound on the deceased tell whether it was made by a rifle ball or a pistol ball"—cannot give in evidence his opinion that the wound was caused by a rifle ball; it is competent for such witness to describe the character of the wound but not to give an opinion as evidence that a rifle ball caused the wound.

10. *Objection to evidence.*—Where a witness testified that, when he entered defendant's house soon after the killing, "defendant was perspiring freely, and seemed much excited;" an objection to the whole of this evidence was too broad, since evidence that defendant was perspiring freely was at least admissible.

11. *Same.*—A question, "Do you know a fact pointing to the guilt of some one else?" is too general.

12. *Same.*—Evidence that the employer of one of the State's witnesses is taking an active part in the prosecution is admissible.

APPEAL from the Circuit Court of Walker.
Tried before the Hon. S. H. SPROTT.

COLEMAN & SOWELL, and W. H. SMITH, for the Appellant.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The defendant was convicted of murder in the first degree and sentenced to suffer imprisonment in the penitentiary for life. There was evidence introduced by the defendant which tended to support the defense of an alibi. In its oral charge the court instructed the jury "that if the defendant has failed to establish his alibi through the perjury, or through the want of recollection of his witnesses it is a circumstance against him," &c. We presume the court intended to declare the proposition, that where a defendant attempts to sustain the defense of an alibi by resort-

10

ing to perjury, &c., that is a circumstance against him, but the charge as given admits of the construction, that if the defendant's witnesses had sworn truly, the alibi would have been established, and the defendant entitled to an acquittal, but as they perjured themselves to disprove the alibi, the defendant must suffer for it. If there was credible evidence tending to sustain the alibi, the fact that defendant's witnesses may have perjured themselves in testifying to a contrary state of facts, can not be a circumstance to his prejudice. Courts should be careful to refrain from language, calculated to convey to the minds of the jurors, its own impressions as to the credibility of the witnesses examined on the trial of a case before it.

The court further charged the jury "that the burden of proof is on the defendant to establish his alibi and that it must be done to your satisfaction." The proof exacted of the defendant in this charge to sustain the alibi, is too high, in that it omitted the word "reasonable." If the jury were reasonably satisfied from the evidence, that the defendant was elsewhere, and not at the place, where the offense was committed at the time it was committed, the burden cast upon him by the law is fully met. *Pellum v. The State*, 89 Ala. 28; *Pate v. The State*, 94 Ala. 14; *Allbritton v. The State*, 94 Ala. 76. The defense of an alibi is as legitimate and effective as any other, and whenever the evidence introduced supports this defense, and its effect is to create a reasonable doubt in the minds of the jury of the defendant's guilt, he is as much entitled to an acquittal, as if the reasonable doubt had been created or produced by any other legitimate evidence. We would not be understood as saying that the jury may disregard other evidence in the case, and consider only that in relation to the alibi. The whole evidence should be duly considered and weighed, and if after considering the whole evidence, the jury have a reasonable doubt of the defendant's guilt, arising out of any part of the evidence, they should acquit. *Hurd v. The State*, 94 Ala. 100; *Allbritton v. The State, Ib.* 76; *Pate* case *supra.*

Courts should avoid as far as possible the singling out and unduly emphasizing any one or more facts, in their instructions to the jury. The court properly refused a charge which instructed the jury "If there is a probable doubt of the guilt of the defendant, the jury must acquit." This charge does not require that the jury shall have a doubt, in order to acquit, but that a probable doubt is sufficient, that is if there is a probability that there is a doubt arising from

the evidence, that is sufficient. The charge admits of this interpretation, which is certainly not the law. The court erred in refusing to charge the jury, "that if there is a probability of the defendant's innocence, they must acquit." This question has been passed upon frequently by this court. *Cohen's* case, 50 Ala. 108; *Bain's* case, 74 Ala. 38; *William's* case, 98 Ala. 22.

The witness Whitfield testified that he was a practising physician of many years, and during that time he had been called to see a few cases of gun shot wounds. He testified that "he could not by any means by looking at the wound on Bill Lee (the deceased) tell whether it was made by a rifle ball or a pistol ball." In view of this statement we do not think it was competent for this witness to give his opinion, that the wound was caused by a rifle ball. He was competent to describe the character of the wound, but according to his own evidence, he was not competent to give an opinion as evidence that a rifle ball caused the wound. A witness was permitted to testify, against the objection of the defendant, that when he went into the defendant's house, (which was but a short time after the killing) "the defendant was perspiring freely and that he seemed much excited." The objection went to the whole of this statement. That the defendant was "perspiring freely" was a fact to which the witness could testify. The objection applying to that which is obviously legal, as well as to the words "seemed much excited," the court was not bound to separate the one from the other.

We think the rule laid down in the case of *The South & North R. R. Co. v. McLendon*, 63 Ala. 266, and followed in the more recent case of *Burney v. Torrey*, (post, 157,) as the more practical and better adapted to further the ends of justice, than that declared in the case of *Gassenheimer v. State*, 52 Ala. 313, and *McAdory v. The State*, 59 Ala. 92. There are some expressions of speech, and even the use of a word, which convey a distinct idea of fact to the mind, much more satisfactory than any attempted description. A person looked "sad," "seemed to be suffering," "looked excited." These are conditions familiar to all. We know what idea is intended to be conveyed. They are facts. What language or words could express the facts any clearer? A cross examination generally, will test the value and weight to be given to statement of facts when given in this way.

The court did not err in sustaining an objection to the question, "Do you know a fact, pointing to the guilt of some one else?" The question was too general. It consti-

tuted the witness a judge of the effect of a fact. There are some facts, admissible in evidence against a party on trial, which are not admissible, as evidence to show that some other person than the defendant on trial, was the guilty party. "Flight" for instance. Facts to show that some other person committed the offense, may be proven, but whether such facts exist or not can not be ascertained by a fishing question. See the following authorities, where this question is discussed and adjudicated.—*Banks v. The State*, 72 Ala. 526; *Lavison v. The State*, 54 Ala. 520; *Owensly's* case, 82 Ala. 63; *Child's* case, 58 Ala. 349; *Ib*. 372.

. The court sustained an objection to the following question propounded by the defendant to one of the State's witnesses : "State whether the company you are working for, is taking any interest in the prosecution of the defendant." In weighing testimony the jury ought to be in possession of all facts calculated to exert any influence upon the witness. It can not be said as a conclusion of law that an employe testifying in a matter in which he knows his employer is interested personally, or pecuniarily, is, or is not, wholly unbiased. It is proper for the jury to know the character of the interest of the employer, how it is to be affected, and in what way it is manifested. An employer may act from a sense of public duty, or be interested in seeing that another has a fair trial ; or it may be that he is actuated by pecuniary interest, or a spirit of revenge, or vindictiveness, and may use his position as employer to bias the evidence, of his employe. We think it safe to hold, that when an employe is testifying, it may be shown that his employer is interested in the prosecution.

Reversed and remanded.