# Nicholson *v.* The State.

## Indictment for Murder.

1. *Homicide; irrelevant evidence.*—On a trial under an indictment for murder, the testimony of a witness that she was present at the scene of the homicide, and that she "heard defendant say something to deceased, and deceased replied 'I be d——d if I do it,' " is impertinent, irrelevant and inadmissible.

2. *Same* ; *charge as to defendant's connection with the killing.*—On a trial under an indictment for murder, where there was evidence tending to show that the defendant aided and abetted in the homicide, while the testimony for the defendant tended to show that the deceased was shot and killed by two other certain .named persons, and that the defendant had no connection with the homicide, except to put the deceased out of the room where a dance was going on, because of his threatening trouble, immediately before the shooting occurred, a charge which instructs the jury that they must acquit, if they believe from all the evidence, that the two named persons shot and killed the deceased, and that the defendant did no more than try to keep the peace the night of the killing, asserts a correct proposition and should be given.

[Nicholson v. The State.]

3. *Same; charge as to reasonable doubt.*—On the trial of a criminal case, a charge which instructs the jury that if they "have a reasonable doubt growing out of all the evidence, or any part thereof, as to defendant's guilt, then the jury can not convict the defendant," is properly refused, as tending to mislead the jury to the conclusion that if they had a reasonable doubt of the defendant's guilt, growing out of any part of the evidence, they should acquit him, even though such doubt were dissipated by other evidence, or did not exist upon a consideration of the whole evidence.

4. *Same; charge as to conflict in the testimony.*—On the trial of a criminal case, a charge which instructs the jury "that if there is such a conflict in the testimony that the jury can not reconcile it, then the jury should find the defendant not guilty," is erroneous and properly refused.

5. *Same; aiding and abetting; charge in reference thereto.*—On a trial under an indictment for murder, where there is evidence tending to show that the defendant aided and abetted in the killing, a charge which instructs the jury that "If the defendant, by his presence or acts aided or abetted in the unlawful killing of," the deceased, "he would be just as guilty as if he killed him himself," asserts a correct proposition and is properly given.

Appeal from the Circuit Court of Cherokee.

Tried before the Hon. J. A. Bilbro.

The appellant, John Nicholson, was indicted and tried for murder in the second degree in killing Clarence McConnell, by shooting him with a gun, was convicted of manslaughter in the first degree, and sentenced to the penitentiary for two years.

The evidence for the State tended to show that the killing occured at a dance; that the defendant was managing the dance and the deceased went up to him and asked him to have played a certain dance; that the second or third time the deceased went to the defendant there was an interchange of sharp words, and the deceased went out of the house, and was soon followed by the defendant, and that when out of the house the defendant shot the deceased.

The tendency of the evidence for the defendant was that he did not shoot the deceased at all, but that the deceased was shot by Ned Batty and Charley Nicholson.

Upon the introduction of one Julia Newsome as a witness for the State, she testified that she was present at the dance on the night Clarence McConnell was killed, and then testified as follows: "I heard defend-

ant say something to deceased, and deceased replied, 'I be d - - - d if I do it.' " The defendant objected to this testimony, and moved the court to exclude it from the jury, on the ground that it was irrelevant, illegal and incompetent. The court overruled the objection, and the defendant duly excepted.

The other facts of the case, necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court at the request of the State, gave to the jury the following written charges : (2.)"The court charges the jury, if the defendant by his presence or acts, aided or a-betted in the unlawful killing of McConnell, he would be just as guilty as if he had killed him himself." (3.) "The court charges the jury, if the jury believe beyond all reasonable doubt from the evidence that within this county and within twelve months before the finding of this indictment in this case, defendant killed Clarence McConnell, or aided or abetted those who did, then defendant is guilty of some degree of homicide." To the giving of each of these charges the defendant separately excepted, and also separately excepted to the court's refusal to give each of the following charges requested by him : (1.) "The court charges the jury that if there is such a conflict in the testimony that the jury can not reconcile it, then the jury must find the defendant not guilty." (2.) "The court charges the jury that if the jury believe from all the evidence that Ed Batty and Charley Nicholson shot and killed Clarence McConnell, and that defendant did no more than try to keep peace the night of the shooting, then the defendant is not guilty, and the jury ought to acquit the defendant." (3.) "The mere fact, if it be a fact, that defendant put deceased out of the house, if they should so find without more, is not sufficient to constitute defendant an accomplice." (5.) "If the jury have reasonable doubt, growing out of all evidence, or any part thereof, as to defendant's guilt, then the jury can not convict the defendant."

H. W. CARDEN, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

McCLELLAN, J.—There was evidence adduced which tended to show that Ed. Batty and Charley Nicholson shot and killed the deceased. The theory of the State was, that even if this were so, the defendant was yet guilty for that he aided and abetted in the homicide, and there was evidence from which it might have been so inferred. But, on the other hand, there was testimony for the defendant which tended to show that he had no connection with the offense, and that all he did on the occasion of its commission was to put the deceased out of the room where a dance was going on, and where the deceased was endeavoring and threatening to make serious trouble, immediately before the shooting occurred. On this state of case the 2d charge refused to defendant was clearly not abstract. It was as follows: "The court charges the jury, that if the jury believe from all the evidence that Ed. Batty and Charley Nicholson shot and killed Stude (Clarence) McConnell, and that defendant did no more than try to keep peace the night of the shooting, then the defendant is not guilty, and the jury must acquit the defendant." And we are unable to conceive why it was not given. Its refusal was error.

Charge 5 requested for defendant might have misled the jury to the conclusion that if they had a reasonable doubt of defendant's guilt growing out of a certain part of the evidence they should acquit him, even though such doubt were dissipated by other evidence, or did not exist upon a consideration of the whole evidence.

The remaining charges refused to the defendant are manifestly bad; some of them inherently and affirmatively, others as being abstract, and others as being argumentative.

The court committed no error in its action upon the charges requested by the prosecution.

As the matter is presented in the bill of exceptions we fail to see the pertinency of the testimony of the witness Julia Newsome that she "heard the defendant say semething to the deceased, and the deceased replied: 'I be d---d if I do it.'"

There is no merit in the other exceptions to the court's rulings on the admissibility of testimony.

Reversed and remanded.