[Lodge v. The State.]

# Lodge *v.* The State.

*Indictment for Carrying Concealed Weapons.*

1. *Criminal law; charge as to reasonable doubt.*—A charge which instructs the jury in a criminal case, that "it is not a mere doubt that authorizes an acquittal; but doubt which authorizes an acquittal must be a reasonable doubt," asserts a correct proposition of law, and the giving of such charge is free from error.

2. *Same; same.*—On the trial of a criminal case, a charge which instructs the jury that, if they "have a reasonable doubt growing out of all the evidence, or any part thereof, as to defendant's guilt, then the jury can not convict the defendant," is properly refused as tending to mislead the jury to the conclusion that if they had a reasonable doubt of the defendant's guilt, growing out of any part of the evidence, they should acquit him, even though such doubt were dissipated by other evidence, or did not exist upon a consideration of the whole evidence.

3. *No error to refuse charges in effect the same as others already given.*—It is not error for the court to refuse to give charges which are mere repetitions of charges already given, or which are so near like them as to be the same in legal effect.

4. *Same; argumentative charges.*—In a criminal case, a charge, which by reason of being stated in argumentative form, gives undue prominence to certain parts of the defendant's testimony is properly refused, although it may assert a correct proposition of law.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. JAS. A. BILBRO.

The appellant, George Lodge, was indicted, tried and convicted for carrying a pistol concealed about his person.

The testimony for the State tended to show that on March 27, 1898, the defendant was seen at Rock Run Station, in Cherokee County, Alabama, waiting for a train; that as he stooped down his coat got hung over the

handle of his pistol, which was in his hip pocket, and the pistol was seen by the State's witnesses. Before he stooped down the pistol was not seen, and as he walked off from the witnesses after the coat had fallen back over the pistol, it could not be seen.

The testimony for the defendant tended to show that he was not at Rock Run Station on March 27, 1898, and that he did not have a pistol at the time and place designated by the witnesses for the State.

The court, at the request of the State, gave to the jury the following written charge: "It is not a mere doubt that authorizes an acquittal; the doubt which authorizes an acquittal must be a reasonable doubt."

The defendant duly excepted to the giving of this charge. There were several charges given by the court at defendant's request. The defendant separately excepted to the court's refusal to give each of the following charges requested by him: (1.) "The court charges the jury that the defendant is a competent witness, and if the jury have a reasonable doubt of his guilt growing out of the evidence or any part of it, then the defendant is entitled to the benefit of the doubt and the jury must find him not guilty." (2.) "The court charges the jury, if upon a fair consideration of all the evidence the jury have a reasonable doubt, growing out of any part of the evidence, the jury must acquit the defendant." (3.) "The court charges the jury if any individual juror has a reasonable doubt growing out of the evidence, the jury can not convict the defendant in this case." (4.) "If the jury have a reasonable doubt growing out of the evidence or any part of it whether defendant was at Rock Run Station on the 27th of March, 1898, then the defendant is entitled to the benefit of such doubt, and the jury must find him not guilty." (5.) "The defendant is a competent witness and the jury can not captiously disregard his testimony; and if the jury on considering all the evidence have a reasonable doubt growing out of the testimony or any part of it whether defendant was at Rock Run Station on March 27th, 1898, then the defendant is entitled to the benefit of such doubt, and the jury must find him not guilty."

[Lodge v. The State.]

BURNETT & CULLI, for appellant.

CHAS. G. BROWN, Attorney-General, for the State, cited, *Crawford v. State*, 112 Ala. 26; *Terry v. State*, 120 Ala. 286; *King v. State*, 120 Ala. 329; *Cunningham v. State*, 117 Ala. 59; *Pickens v. State*, 115 Ala. 42.

SHARPE, J.—The charge given at the solicitor's request was clearly correct.

Of the charges refused to the defendant charges 1 and 4 were incorrect.

The same proposition contained in them concerning the reasonable doubt was condemned in *Nicholson v. The State*, 117 Ala. 32, where it was said it "might have misled the jury to the conclusion that if they had a reasonable doubt of the defendant's guilt growing out of a certain part of the evidence they should acquit him even though such doubt were dissipated by other evidence, or did not exist upon the whole evidence." Charge 2 was covered by given charge No. 5, and charge 3 was substantially embodied in given charges Nos. 1 and 7. The defendant cannot complain of the refusal of charges which are substantially the same as other charges given at his request.—*Allen v. State*, 111 Ala. 80; *Miller v. State*, 110 Ala. 69.

Refused charge No. 5, while asserting no incorrect principle, was stated in argumentative form whereby prominence was given to that part of the defendant's testimony relating to the *alibi* and, therefore, its refusal was not error.

No exceptions arise from rulings upon testimony, and no error appearing in any part of the record the judgment of the circuit court will be affirmed.

Affirmed.