# Winter v. The State.

*Indictment for selling Spirituous, Vinous or Malt Liquors Contrary to Law.*

1. *Selling spirituous liquors; charge of court on the effect of the evidence.*—On a trial under an indictment for selling spirituous, vinous or malt liquors without a license and contrary to law, where the court in its charge to the jury, after instructing them as to what constituted a sale, then charges that the State must show beyond all reasonable doubt that the defendant sold the whiskey in question to the party as alleged, or that not being the owner or interested in it or in the money paid for it, he was acting in the sale for the owner of the whiskey, it is error for the court to further instruct the jury that "there was a sale of the liquor in this case appears from the evidence almost without dispute;" this portion of the charge being upon the effect of the evidence.

2. *Same; general charge of court to jury.*—In such a case, where in addition to the instructions contained in the general charge as above set out the court further instructed them that in order to convict the defendant they must believe from the evidence beyond all reasonable doubt that he sold the whiskey to the State's witness, or that if he did not own the whiskey he aided and assisted in the sale as the agent of the owner, it is not error for the court to further instruct the jury in its general charge that "if you believe from the evidence beyond all reasonable doubt defendant's conduct was a subterfuge to sell his own whiskey to the witness, then he would be guilty."

3. *Same; same.*—In such a case, it is not error for the court to instruct the jury in its general charge that "if the defendant had no interest in the whiskey, but if you believe from the evidence beyond all reasonable doubt he was acting as the agent of some one else who owned the whiskey in making a sale to the State's witness, if such sale was made, he is guilty."

4. *Same; not error to refuse charges which are repetitions of those already given.*—It is not error for the court to refuse charges requested by defendant which are substantially dupli-

[Winter v. The State.]

cates or a repetition of charges previously given at the re-
quest of the defendant.

5. *Same; charge to the jury.*—On a trial under an indictment for
selling spirituous, vinous or malt liquors without a license
and contrary to law, a charge is erroneous and properly re-
fused as misleading, which instructs the jury that "there is
no presumption in this case that the defendant was a man
who had liquor to sell;" since the defendant may have prop-
erly been found guilty as cnarged in the indictment, not-
withstanding he had no liquor to sell.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. JAMES A. BILBRO.

The appellant in this case, J. H. Winter, was in-
dicted, tried and convicted for selling spirituous, vinous
and malt liquors without a license and contrary to law.
Upon the trial of the case, only one witness, Dal Keener,
was examined. He testified that he met the defendant
in Centre, Cherokee county, and stated to him that he
would like to get some whiskey; that the defendant re-
plied that he did not know of any, but said that he
might find some; that upon being asked what half a pint
would cost, he said he supposed it would cost 35 cents;
thereupon the witness threw 35 cents on the ground
in the defendant's presence and left; that the defendant
also left and in about half an hour he, the witness, saw
the defendant and asked him about the whiskey, and
the defendant told him where he had left it on the side
of the road about a quarter of a mile from where he
first saw the defendant. This witness further tes-
tified that when the defendant left him he went in the
direction of his home, and that the whiskey was placed
not very far from the defendant's home.

Among the portions of the court's oral charge to
which exceptions were separately reserved and which
are referred to in the opinion, were the following: (A.)
"If you believe from the evidence beyond all reasonable
doubt defendant's conduct was a subterfuge to sell his
own whiskey to the witness, then he would be guilty."
(B.) "If defendant had no interest in the whiskey,
but if you believe from the evidence beyond all reason-
able doubt he was acting as the agent of some one else
who owned the whiskey in making a sale to the State's

12c

witness, Keener, if such a sale was made, he is guilty."

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The court charges the jury that if the jury have a reasonable doubt growing out of the whole evidence or any part of it, whether the defendant sold the liquor to the witness or was interested in the liquor or the money thrown down by the witness, or whether the defendant acted merely as the agent of the witness in procuring the liquor for him, then the jury can not convict him." (2.) "There is no presumption in this case that defendant was a man who had liquor to sell." (3.) "The jury are not authorized to guess at defendant's guilt, but must find him not guilty unless they are convinced by the evidence beyond all reasonable doubt and to a moral certainty that defendant sold the liquor as charged in the indictment."

H. W. CARDEN, for appellant.

CHAS. G. BROWN, Attorney-General, for the State, cited *Amos v. State,* 78 Ala. 498; *Robertson v. State,* 99 Ala. 189; *Robeson v. State,* 100 Ala. 40; *Gilmore v. State,* 125 Ala. 59; *Bonds v. State,* 130 Ala. 117; 1 Mayfield's Digest, 480, § 282.

HARALSON, J.—Only one witness was examined, and that on the part of the State. His evidence tended strongly to show that defendant sold him at the time and place mentioned, a half pint of whiskey, for the price of 35 cents.

In its general charge to the jury, the court stated in a manner not objected to, what constituted a sale, and told them that the State must show beyond all reasonable doubt, that the defendant sold the whiskey in question to the party alleged, or, that not being the owner of nor interested in it, nor interested in the money paid for it, if any was paid, he was acting in the sale for the owner of the whiskey. After this statement, the court stated to the jury: "That there was a

sale of the liquor in this case appears from the evidence almost without dispute." To this statement, the defendant excepted. This was a charge on the effect of the evidence, an error which was not relieved by other portions of the oral charge in which it appeared,—the question as to whether there was a sale or not, being one for the determination of the jury under all the evidence.

.Parts of the oral charge marked A 'and B, were separately excepted to. These were given in connection with that part of the charge set out above, to which exceptions were reserved, and in the came connection, as a part of the same oral charge,—"That, before they [the jury] could convict the defendant, they must believe from the evidence beyond all reasonable doubt, that the defendant sold the whiskey to the witness, Keener, or that if he did not own the whiskey, he aided and assisted in the sale as the agent of the owner," etc. When construed with reference to and in connection with the entire charge and the evidence in the case, these excepted portions of the charge did not contain reversible error. The one marked A, thus construed, did not assume that defendant sold his own liquor.

The first charge refused to defendant, was substantially given in charges 1, 2, 3 requested by defendant; but, without reference to this, it was bad, in that it predicated an acquittal on a part of the evidence.—*Nicholson v. State*, 117 Ala. 32; *Winter v. State,* 132 Ala.

Charge 2 was properly refused as tending to mislead the jury. Defendant might have been properly found guilty under the evidence, notwithstanding he was not a man who had liquor to sell.

Without reference to other infirmity in charge 3, refused to defendant, it was a substantial duplicate of charge 6 given, and its refusal may be justified on that ground.

For the error indicated the judgment below is reversed and the cause remanded.