# Hatch *v*. State.

## *Assault with Intent to Murder.*

[DECIDED FEB. 8, 1906, 40 So. REP. 113.]

1    *Criminal Law; Instructions; Burden of Proof; Alibi.*—The following instruction was refused by trial court, "The defendant sets up an alibi in this case, and the burden of proof is not changed when he undertakes to prove it; and if, by reason of the evidence in relation to such alibi, you should entertain a reasonable doubt as to defendant's guilt, he should be acquitted, although you may not be able to find that the alibi has been fully proven; "Held, good, and error to refuse it. (DOWDELL and DENSON, JJ., dissent.)

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

The appellant was indicted and convicted of an assault with intent to commit murder. Charge 18 requested by the defendant and refused is in the following words:

"The defendant sets up an alibi in this case, and the burden of proof is not changed when he undertakes to prove it, and if by reason of the evidence in relation to such alibi, you should entertain a reasonable doubt as to the defendant's guilt, he should be acquitted, although you may not be able to find that the alibi has been fully proven.

[Hatch v. State.]

FOSTER K. HALE, JR., and LESLIE BRAGG SHELDON, for appellant, insisted; that the record should show that the grand jury was formed and that it found the indictment. *Kinnibrew v. State,* 132 Ala. 8. That charge 18 should have been given.—115 Ala. 42; 100 Ala. 144; 94 Ala. 76; A. & E. Enc. of Law, Vol. 1 p. 445, and note at bottom of page.

MASSEY WILSON, Atty. Gen. for State, insisted; that it was not necessary for the record to show the organization of the grand jury which found the indictment.— Sec. 4325, Code of 1896. That charge 18 is bad, in that it directs the jury's attention to one feature of the evidence and that such evidence may create a reasonable doubt of guilt when if all the evidence in the case is considered, such doubt might be removed.—*Prince v. State,* 100 Ala. 144; *Liner v. State,* 124 Ala. 1; *Smith v. State,* 137 Ala. 22; *Stewart v. State,* 137 Ala. 22; *Winter v. State,* 133 Ala. 176; *Winter v. State,* 132 Ala. 32; See also cases collected in 1 Mayfield's Digest, p. 33.

DENSON, J.—It is not made to appear by the record that any question was raised in the city court as to the organization of the grand jury which found the indictment. Therefore, under the express provisions of section 4325 of the Code, it is not necessary that the transcript should show the organization of the grand jury which found the indictment.—*Tipson's case,* 140 Ala. 39.

Charge 18, refused to the defendant, is the same as charge 47, which was refused in the case of *Pickens v. State,* 115 Ala. 42. In the Picken's case it was held that the refusal of the charge was error. The only comment made by the court on the charge was in this language: "The instruction numbered 47, in relation to the burden of proving an *alibi,* and the degree of evidence supporting it, is in accordance with the principles stated in *Prince v. State,* 100 Ala. 144, and should have been given."

In the Prince case, the court charged the jury: "That the burden of proof is on the defendant to establish his *alibi* and that it must be done to your satisfaction," The court, through COLEMAN, J., said of the charge that the proof exacted of the defendant was too high, in that it

[Hatch v. State.]

omitted the word reasonable. If, said the court: "The jury were reasonably satisfied from the evidence, that the defendant was elsewhere and not at the place where the offense was committed at the time it was committed, the burden cast upon him by the law is fully met. The defense of *alibi* is as legitimate and effective as any other, and whenever the evidence introduced supports this defense, and its effect is to create a reasonable doubt in the minds of the jury of the defendant's guilt, he is as much entitled to an acquittal, as if the reasonable doubt had been created or produced by any other legitimate evidence." The foregoing are the principles referred to by Judge BRICKELL upon which he held charge 47 in the *Picken's case* good. But Judge BRICKELL's opinion omits any reference to the clause in the opinion which immediately follows what we have above quoted from the *Prince case* and which is in this language: "We would not be understood as saying that the jury may disregard other evidence in this case, and consider only that in relation to *alibi*.. The whole evidence should be duly considered and weighed, and if after considering the whole evidence, the jury have a reasonable doubt of the defendant's guilt, arising out of any part of the evidence, they should acquit."

It is manifest that the charge in the *Prince case* and the one in the case at bar "might have misled the jury to the conclusion that if they had a reasonable doubt of the defendant's guilt growing out of the evidence relating to alibi they should acquit, even though such doubt were dissipated by other evidence or did not exist upon a consideration of the whole evidence."

In the case of *Pate v. State*, 94 Ala. 14, at bottom of page 18, the court speaking through Justice COLEMAN, with respect to the manner in which evidence to support an *alibi* should be weighed by a jury, uses this language: "We lay down the rule to be, that evidence to support an *alibi* should be weighed and considered by the jury with the other evidence in the case, and as other facts are weighed and considered, and if upon the whole evidence there is a reasonable doubt of defendant's guilt, he should be acquitted." So it occurs to the writer, that under the rule laid

down in the *Prince case* and in the *Pate case, supra,* as under many other decisions of this court to the effect that charges which single out a part of the evidence and predicate an acquittal on it are bad as being misleading. Charge 47 in the *Picken's case* and charge 18 in the case at bar were properly refused by the trial court.—*Johnson's case,* 94 Ala. 35; *Lodge's case,* 122 Ala. 107; *Nicholson's case,* 117 Ala. 32; *Winter's case,* 132 Ala. 32; S. C. 133 Ala. 176; *Willis' case,* 134 Ala. 429; *Stewart's case,* 137 Ala. 33; *Deal's case,* 136 Ala. 52; *Smith's case,* 137 Ala. 22; *Grant's case,* 97 Ala. 35.

Furthermore, I think the first postulate in the charge under consideration is misleading with respect to the burden of proof. It is true that upon the whole case the state carries the burden of proving the guilt of the defendant beyond a reasonable doubt, nevertheless it is also true, as decided by this court, that the burden of proving an *alibi* is on the defendant, and he must either show it to the reasonable satisfaction of the jury or the evidence of the *alibi,* when considered in connection with the other evidence in the case, must be such as will generate a reasonable doubt of the defendant's guilt.—*Holley's case,* 105 Ala. 100; *Pate's case, supra; Towne's case,* 111 Ala. 1.

The conslusion of the writer is, that *Picken's case,* 115 Ala. 42, with respect to the point under consideration, should be overruled and the judgment of conviction affirmed. Justice DOWDELL concurs with the writer in the views expressed and the conclusion reached. But Justices HARALSON, TYSON, SIMPSON and ANDERSON are of the opinion and accordingly hold, that charge 18 asserts a correct proposition of law and its refusal was error for which the judgment of conviction must be reversed. The writer and Justice DOWDELL dissent from this conclusion.

For the error in refusing charge 18 the judgment appealed from is reversed and the cause remanded.

HARALSON, TYSON, SIMPSON and ANDERSON, JJ., concur.

DOWDELL & DENSON, JJ., dissent.