192 So. 498

**RAGLAND v. STATE.**

5 Div. 304.

Supreme ·Court of Alabama.

Dec. 14, 1939.

588

Thos. S. Lawson, Atty. Gen., for the State.

J. Arch McKee, of Opelika, and Roberts H. Brown, of Auburn, for appellant.

BOULDIN, Justice.

Appellant, Judge Ragland, was indicted for the murder of Robert Capps, by shooting him with a pistol; was convicted of murder in the first degree, and his punishment fixed at death.

The admission of certain statements of the deceased to the witness, C. R. Sellers, as dying declarations, is questioned for want of sufficient predicate.

Evidence for the state was to the effect that the deceased was found in his sleeping quarters in the rear of his store building in Opelika early Sunday morning, lying on the floor, suffering from a gunshot wound entering just above the collar-bone to the right; that the bullet had struck the spinal cord, causing paralysis of all the lower parts of the body; that he was very weak; that he became unconscious within a few hours, and died within forty-eight hours.

Said the witness, Sellers: "He stated he was going to die."

The dying declarations then admitted were: "He said he was shot with a pistol." "He said Emma Ragland's old boy shot him, the one that had just got back from the pen a little while back."

Evidence by way of predicate for the admission of dying declarations is addressed to the court.

It should reasonably satisfy the court that the declarations were made under a "sense of impending death." This does not necessarily mean a sense of immediate dissolution, a present dying condition.

If there be a full conviction that he is facing death as a result of his wounds, the sense of impending death, deemed in the law as equivalent to the sanction of an oath, is present. He may live for days

or weeks. He may have no definite idea how soon he will pass on.

■ In considering the predicate the court may look to the statements of the deceased, the nature of his wounds, his weakness, all the circumstances tending to show his state of mind.

■ We find no error in the ruling of the court on this question. Davidson v. State, 211 Ala. 471, 100 So. 641; Carmichael v. State, 197 Ala. 185, 72 So. 405; Gibson v. State, 193 Ala. 12, 69 So. 533; Logan v. State, 149 Ala. 11, 43 So. 10; 11 Ala.Dig., Homicide, ☞ 203(3), pp. 464, 465.

■ Evidence that defendant was Emma Ragland's son, and had recently been in the penitentiary, was admissible by way of identification of the party meant in the dying declaration. The testimony was properly limited to that inquiry.

■ After the defendant had become a witness in his own behalf, evidence that he was in the penitentiary on a conviction for larceny, an offense involving moral turpitude was properly admitted as going to his credibility. Code, §§ 7722, 7723.

The defendant offered evidence of an alibi; evidence tending to show he was at home at the time deceased was shot. The State's evidence tended to show the shooting was near 10:30, Saturday night.

In his oral charge the court instructed the jury: "The burden is on the defendant to establish his alibi to your reasonable satisfaction." At the conclusion of the oral charge defendant duly excepted to this portion of the charge. Thereupon the following transpired:

"The Court: Gentlemen of the jury, I will withdraw that statement, because evidence of alibi is to be considered together with all the other evidence in the case, and if it generates a reasonable doubt as to his guilt it is your duty to acquit him. That is what I intended to say.

"Mr. Glenn: The burden is on him?

"The Court: The burden is on him, but the burden never shifts from the State. You have the exception.

"Mr. Glenn: Yes, sir."

It is insisted that the last announcement of the court, in response to the question by Mr. Glenn, defendant's counsel, again misplaced the burden of proof, and was reversible error.

"The burden is on him, but the burden never shifts from the State," as an instruction to a jury, would seem quite confusing and self-contradictory.

On a full examination of our decisions, however, we are impressed the trial court was endeavoring to follow them, and some clarification should be made for the guidance of trial courts and the Court of Appeals.

In cases involving the identity of the accused, evidence of an alibi frequently appears; it may be the only evidence open to defendant to overcome the evidence of the State, direct, circumstantial, or both, tending to identify the defendant with the crime charged. Because it may be, and often is simulated, supported by perjured testimony, early cases, here and elsewhere, often sanctioned instructions to the jury tending to discredit such defense. Such instructions have long been condemned in our decisions.

Nevertheless, a long line of decisions have declared the rule given by the trial court in his oral charge, namely, that the burden of proof is on defendant to sustain his alibi to the reasonable satisfaction of the jury. See, Spencer v. State, 50 Ala. 124; Pellum v. State, 89 Ala. 28, 8 So. 83; Albritton v. State, 94 Ala. 76, 10 So. 426; Pate v. State, 94 Ala. 14, 10 So. 665; Prince v. State, 100 Ala. 144, 14 So. 409, 46 Am.St.Rep. 28; Holley v. State, 105 Ala. 100, 17 So. 102; Robertson v. State, 23 Ala.App. 267, 125 So. 60.

But alongside this statement of the law, we have another line of cases, as well as some of the foregoing, stating the rule from a different viewpoint.

McAnally v. State, 74 Ala. 9, 17, was, on the question in hand, like unto the instant case. Said the court: "The testimony in this cause shows, that the deceased came to his death by a gun-shot wound, fired at short range. Whoever did the fatal deed, was in close proximity to the deceased. Without it, he could not, and did not fire the shot. In the absence of conspiracy shown between the defendant and another, to take Hanna's life, followed by the homicide at the hands of that other, then the defendant can not be guilty, unless, at the time, he was near enough to do the deed. Proximity—opportunity—is a necessary, indispensable condition of his guilt. It is not necessary that the prosecution should, in the first instance, prove such

590

proximity, if the testimony is otherwise sufficient. But, opportunity being an indispensable factor in the proof of defendant's guilt, if, on the whole testimony, this be left in reasonable doubt, then defendant's guilt is not established beyond a reasonable doubt.—Whar.Cr.Ev. § 333; French v. State, 12 Ind. 670 (74 Am.Dec. 229); Kaufman v. State, 49 Ind. 248; Howard v. State, 50 Ind. 190; Line v. State, 51 Ind. 172; Miller v. People, 39 Ill. 457; Otmer v. People, 76 Ill. 149; Stuart v. People, 42 Mich. 255, (3 N.W. 863); Com. v. Choate, 105 Mass. 451; State v. Waterman, 1 Nev. 543; Pollard v. State, 53 Miss. 410 (24 Am.Rep. 703); Chappel v. State, 7 Cold. (Tenn.) 92."

In Albritton v. State, supra, it was said: "An alibi is not, in the strict and accurate sense, a special defense, but a traverse of the material averment in the indictment, that the defendant did, or participated in, the particular act charged, and is comprehended in the general plea, 'not guilty.'"

In Pate v. State, supra, the opinion concludes [94 Ala. 14, 10 So. 666]: "We lay down the true rule to be that proof adduced to support an alibi should be [weighed and] considered by the jury with the other evidence in the case; [and as other facts are weighed and considered], and if, upon the whole evidence, there is a reasonable doubt of defendant's guilt, he should be acquitted."

In Prince v. State, supra, the law is thus stated [100 Ala. 144, 14 So. 410, 46 Am.St.Rep. 28]: "If the jury were reasonably satisfied, from the evidence, that the defendant was elsewhere, and not at the place where the offense was committed, at the time it was committed, the burden cast upon him by the law is fully met. Pellum v. State, 89 Ala. 28, 8 So. 83; Pate v. State, 94 Ala. 14, 10 So. 665; Albritton v. State, 94 Ala. 76, 10 So. 426. The defense of an alibi is as legitimate and effective as any other; and whenever the evidence introduced supports this defense, and its effect is to create a reasonable doubt in the minds of the jury of the defendant's guilt, he is as much entitled to an acquittal as if the reasonable doubt had been created or produced by any other legitimate evidence. We would not be understood as saying that the jury may disregard other evidence in the case, and consider only that in relation to the alibi. The whole evidence should be duly considered and weighed, and if, after considering the whole evidence, the jury have a reasonable doubt of the defendant's guilt, arising out of any part of the evidence, they should acquit. Hurd v. State, 94 Ala. 100, 10 So. 528; Albritton v. State, 94 Ala. [76], 78, 10 So. 426; Pate case, supra."

In Pickens v. State, 115 Ala. 42, 22 So. 551, 553, the trial court had refused the following charge: "'(47) The defendant sets up an alibi in this case, and the burden of proof is not changed when he undertakes to prove it; and if, by reason of the evidence in relation to such alibi, you should entertain a reasonable doubt as to defendant's guilt, he should be acquitted, although you may not be able to find that the alibi has been fully proven.'."

Said the court: "The instruction numbered 47, in relation to the burden of proving an alibi, and the degree of evidence supporting it, is in accordance with the principles stated in Prince v. State, 100 Ala. 144, 14 So. 409 [46 Am.St.Rep. 28], and should have been given."

The same charge treated in the Pickens case, supra, was again considered by the full court in Hatch v. State, 144 Ala. 50, 40 So. 113. The majority sustained the charge as a correct proposition of law, and held its refusal reversible error. We note the minority opinion relied upon the rule as to burden of proof stated in our line of cases first above cited.

In the still later case of Johnson v. State, 223 Ala. 332, 135 So. 592, it is said: "The correct rule is that 'The defense of an alibi is as legitimate and effective as any other; and whenever the evidence introduced supports this defense, and its effect is to create a reasonable doubt in the minds of the jury of the defendant's guilt, he is as much entitled to an acquittal as if the reasonable doubt had been created or produced by any other legitimate evidence. We would not be understood as saying that the jury may disregard other evidence in the case, and consider only that in relation to the alibi. The whole evidence should be duly considered and weighed; and if, after considering the whole evidence, the jury have a reasonable doubt of the defendant's guilt, arising out of any part of the evidence, they should acquit.' Prince v. State, 100 Ala. 144, 14 So. 409, 410, 46 Am.St.Rep. 28; Hatch v. State, 144 Ala. 50, 40 So. 113."

We now re-affirm this as a correct and adequate statement of the law.

The phrase "to the reasonable satisfaction of the jury" is the apt and well understood measure of proof to sustain an affirmative cause of action or defense in civil actions; the measure of proof required of one carrying the burden to establish his cause of action or defense by a preponderance of the evidence. It is illogical to apply this phrase where only a reasonable doubt is to be raised by the evidence. What is said in McAnally v. State, supra, touching proof of alibi is manifestly sound. It is not an affirmative defense. Proof of guilt beyond a reasonable doubt, necessarily includes proof that the accused was present; was in position to fire the fatal shot. Alibi evidence is affirmative only in the sense that it undertakes to prove the accused was at a place other than that of the crime.

Wharton's Criminal Evidence, (10th Ed.) Vol. I, § 333, states the law thus: "The defense of an alibi not only goes to the essence of guilt, but it traverses one of the material averments of the indictment, namely, that the defendant did then and there the particular act charged. It is not an affirmative, nor an extrinsic defense. The presence of the accused at the time and place must be shown as essential to the commission of the crime.

\*   \*   \*   \*   \*   \*

"The rule that the burden of proof never shifts, in criminal cases, applies to the defense of an alibi, which need only be proven so as to raise a reasonable doubt as to whether or not the accused was present when the crime was committed. It is error to charge the jury that the alibi must be established by a preponderance of proof, because the evidence offered as to the alibi is to be considered only in connection with all the other evidence adduced, to determine whether, on the whole case, the guilt of the defendant has been established beyond a reasonable doubt." See, also, Note, 67 A.L.R. 138, et seq.

The trial court was correct in withdrawing his oral charge placing a burden on defendant to prove his alibi to the reasonable satisfaction of the jury. This withdrawal was followed by a correct statement of the law.

The further statement that the burden was on him, did not re-assert any burden to establish his alibi to the reasonable satisfaction of the jury; and concludes with an instruction that the burden never shifts from the State. This referred to the burden on the State to prove guilt beyond a reasonable doubt, as fully stated in his oral charge.

At most the latter sentence was misleading.

At the instance of defendant the court gave charges 5 and 6, which appear in the report of the case. Charge 5 is a modified copy of the charge approved in Pickens v. State, and Hatch v. State, supra. With these explanatory charges, we find no reversible error in the court's instruction.

We have considered other rulings, and find no error in the record. We deem further discussion unnecessary.

Affirmed.

All the Justices concur.

KNIGHT, J., not sitting.

The date for executing the sentence having passed, Friday, February 23, 1940, is hereby fixed as the date for executing the death sentence according to law.

Thos. S. Lawson, Atty. Gen., for the State.