Appellant was convicted of robbery and the jury fixed his punishment at twelve years in the penitentiary. Throughout the trial proceedings in the court below appellant was represented by counsel of his choice, and at arraignment pleaded not guilty. After sentence was imposed, he gave notice of appeal, and he is here represented by new counsel.
This is purely a circumstantial evidence case. Appellant did not testify, but he offered the testimony of a coindictee going to show that he was at a different place at the time of the robbery and that he did not know that the robbery was going to be committed. Because the time span between the robbery and the distance where appellant was first seen by police officers after the robbery was so short it could be legally inferred by the jury that he was the driver of the getaway car.
At the conclusion of the State's case appellant made a motion to exclude the State's evidence on the ground that a prima facie case was not established. The motion was overruled. Ordinarily this would put us to a recital of the evidence. We do not deem it necessary to summarize the evidence in this case as we think the case must be reversed because the trial court refused an alibi charge duly tended in writing.
Charge 31 reads as follows: *Page 703 
 "The defendant, Jimmy Carlile, sets up an alibi in this case, and the burden of proof is not changed when he undertakes to prove it, and if by reason of the evidence in relation to such alibi, when considered with all the other evidence, the jury entertains a reasonable doubt as to defendant's guilt, he should be acquitted, although you may not be able to find that the alibi has been fully proven."
It was specifically held that the refusal of this charge constituted reversible error in Pickens v. State, 115 Ala. 42,22 So. 551 and Hatch v. State, 144 Ala. 50, 40 So. 113. See also Ragland v. State, 238 Ala. 587, 192 So. 498, where an identical charge was given at the request of the defendant.
The trial court did not charge the jury on alibi evidence. As a matter of fact the word alibi nowhere appears in the oral charge.
For the error noted this case must be reversed and remanded for a new trial.
Reversed and remanded.
All the Judges concur.