376 So.2d 1145 (1979)
Tony Randolph NOLEN
v.
STATE.
6 Div. 757.
Court of Criminal Appeals of Alabama.
September 4, 1979.
Rehearing Denied October 16, 1979.
*1146 Russell T. McDonald, Jr. and Roger A. Brown, of McDonald, Brown & Tipler, Birmingham, for appellant.
Charles A. Graddick, Atty. Gen. and Thomas R. Allison, Asst. Atty. Gen., for the State.
BOWEN, Judge.
The defendant was indicted and found guilty for the robbery and intentional killing of Nigel Harlan under Alabama's Death Penalty Act. Code of Alabama, Section 13-11-2(a)(2) (1975). After a hearing on the aggravating and mitigating circumstances, the trial judge refused to accept the death penalty as fixed by the jury and sentenced the defendant to life imprisonment without parole. Only two issues are presented on appeal.
On August 17, 1977, Nigel Harlan, a steel executive from Chicago, and two associates were in Birmingham on a business trip. They visited a local night club where they met Debra Andrus. About 1:00 o'clock the next morning Harlan left the club with Ms. Andrus. His decomposed body was found in a pasture in Shelby County approximately one month later.
Ms. Andrus entered a plea of guilty to a charge of second degree murder and was sentenced to twenty years' imprisonment on the recommendation of the District Attorney of Jefferson County in return for her promise to testify. According to Ms. Andrus, she and the defendant went to the night club with the intention of "rolling" someone. She lured Harlan outside the club and into the defendant's automobile where the defendant was waiting. Under the pretext of taking the defendant to his motel room, the trio left the club's parking lot. Once underway the defendant pointed a .22 caliber rifle at Harlan and demanded his wallet. Ms. Andrus drove to a pasture in Shelby County where she waited at a fence while the defendant forced Harlan to walk into the pasture and remove his clothes. The defendant then hit Harlan in the back of the head and shot him in both legs.
The defendant and Ms. Andrus left the area but returned later that same morning. Again only the defendant entered the pasture. As Harlan pleaded for his life the defendant executed him by shooting him in the head. The defendant and Ms. Andrus left and went to their motel room. However, once more they returned to the scene of the murder so that the defendant could "cover the body up some more".
The defendant and Ms. Andrus were captured in Gulf Breeze, Florida, after attempting to purchase some clothing with the American Express Card which they had stolen from Harlan.
The defendant testified in his own behalf. His defense was alibi. After an argument he left Ms. Andrus at the club and returned to their motel room. Later he was awakened when Ms. Andrus returned and requested his help in covering up the robbery and murder of Nigel Harlan which she had committed on her own.

I
Initially the defendant argues that it was error for the trial judge to refuse the written requested charge on alibi. That charge is:
"I charge you, Ladies and Gentlemen of the Jury, that the defendant sets up an alibi in this case, and the burden of proof is not changed when he undertakes to prove it, and if by reason of the evidence in relation to such alibi, when considered with all other evidence, the jury entertain a reasonable doubt as to Defendant's guilt, he should be acquitted, although you may not be able to find that the alibi has been fully proven."
*1147 The trial judge instructed the jury on the defense of alibi.
"Now, the Defendant has offered evidence in this case that he could not have committed the crime because he was someplace else at the time the crime was committed. That is known as alibi testimony. Alibi is a legal term. That is, the Defendant could not have committed the crime because at the very moment the crime was committed the Defendant was someplace else. Alibi means another place. Now, in order to acquit the Defendant based on alibi evidence, if that alibi evidence when considered with all the other evidence in this case raises a reasonable doubt in your mind of the Defendant's guilt, or causes you to have a reasonable doubt of his guilt, or when based upon all the testimony and the alibi evidence you are not convinced beyond a reasonable doubt of his guilt, then you should acquit the Defendant. On the other hand, if the alibi evidence when considered with all the other evidence in this case does not create in your mind a reasonable doubt of the Defendant's guilt, that is, when considered with all the other evidence in the case you are not convinced beyond a reasonable doubt of the Defendant's guilt, that is, the alibi evidence is part of the evidence, and then you put that part of the evidence and consider it with all the other evidence, if it does not create in your mind a reasonable doubt of the Defendant's guilt, and you are otherwise convinced beyond a reasonable doubt of the Defendant's guilt, then you should convict the Defendant."
The charge requested by the defendant is proper. Hatch v. State, 144 Ala. 50, 40 So. 113 (1906); Pickens v. State, 115 Ala. 42, 52, 22 So. 551 (1897); Carlisle v. State, 356 So.2d 702 (Ala.Cr.App.), cert. denied, 356 So.2d 703 (Ala.1978).
The thrust and substance of the requested charge, that is, that the alibi evidence when considered with all the other evidence may supply a reasonable doubt of the guilt of the defendant, are fairly and substantially covered in the oral charge of the court. Therefore, the refusal of the written charge was proper.
Additionally we note that the requested charge contains several different concepts dealing with the burden of proof, reasonable doubt, and the fact that the alibi need not be fully proven. A request for instructions should not comprehend more than one subject or state more than one principle of law for the reason that if one principle is not due to be given the entire request may properly be refused. Gaston v. State, 359 So.2d 1170, 1171 (Ala.Cr.App. 1978). Where a requested charge states several distinct propositions of law, the court may properly refuse it if some of them are fully covered in his oral instructions to the jury. See Burk v. State, 16 Ala.App. 110, 75 So. 702 (1917).

II
In charging the robbery portion of the capital offense the indictment stated that the defendant feloniously took and carried away "an American Express Credit Card, of the value of Twenty Dollars, and Ten Dollars of the lawful currency of the United States of America, a more particular description and denomination of which is to the Grand Jury otherwise unknown, the personal property of Nigel Harlan". The defendant maintains that there is no evidence that anything of value was taken.
Ms. Andrus testified that the defendant took Harlan's wristwatch and wallet at gunpoint; that when this occurred Harlan said that he only had about ten dollars; that there was about ten dollars in the wallet; and that the wallet had several credit cards in it including an American Express card. She stated that the defendant took the credit cards. In a statement to a police officer the defendant admitted that "there was just $11 in" the wallet.
Guy Crain, a business associate of Harlan, testified that he also owned an American Express card and that there was a twenty dollar a year fee to obtain the card. There was no testimony regarding any fee the deceased paid to obtain and keep his card.
*1148 Any variance between the indictment and proof with regard to the amount of money taken would not be fatal to a robbery conviction. Wilson v. State, 268 Ala. 86, 105 So.2d 66 (1958). When the testimony at trial on a robbery charge as to to the amount stolen does not coincide with the amount alleged in the indictment, such a variance is not fatal and is immaterial. Burton v. State, 364 So.2d 394 (Ala.Cr. App.), cert. denied, Ex parte Burton, 364 So.2d 397 (Ala.1978); Frazier v. State, 56 Ala.App. 166, 320 So.2d 99 (1975); Duncan v. State, 46 Ala.App. 165, 239 So.2d 237 (1970).
Even if the prosecution did not prove the value of the stolen American Express Card, sufficient facts were proven which would support a finding by the jury that ten dollars were stolen by the defendant. The value of the goods stolen need not be proved to be exactly as alleged in the indictment.
The record has been searched for error prejudicial to the defendant and none has been found. The defendant has been represented by diligent and excellent counsel both at trial and on appeal. The criminal act for which the defendant was convicted is a horrifying and discouraging comment on the degree of inhumanity to which some men sink. The judgment of conviction is due to be affirmed.
AFFIRMED.
HARRIS, P. J., and TYSON and BOOKOUT, JJ., concur.
DeCARLO, J., concurs specially.
DeCARLO, Judge, concurs specially.
This was a dastardly act and the appellant should have been sentenced to die for the offense.