# Tipton *et al. v.* The State.

*Indictment for Murder.*

1. *Organization of jury; when objection comes too late.*—Where, on a trial of a defendant in a criminal case, it is not shown that the defendant raised any question in the trial court as to the organization and drawing of the petit jury, the objection in the Supreme Court that there is a failure of the record, as copied in the transcript on appeal, to show any order of the court directing the summoning of regular jurors for the week in which the trial was had, comes too late and is without merit; since, in the absence of such question being raised before the trial court, it will be, by virtue of the statute

[Tipton *et al.* v. The State.]

(Code, § 4325), presumed on appeal that the proper orders and proceedings were taken, and that the jury were regularly and legally organized.

2. *Homicide; admissibility of evidence.*—On a trial under an indictment for murder, evidence which tends to show the *animus* of the defendant towards the deceased and the motive on his part for the commission of the homicide, is relevant and admissible.

APPEAL from the City Court of Selma.

Tried before the Hon. JOHN W. MABRY.

The appellants, John Tipton and Tom Tipton, were indicted and tried for the murder of Fred Robbins, were each convicted for murder in the first degree, and sentenced to be hanged.

The record entries, as shown by the transcript on the present appeal, show that upon the arraignment of the defendants, and after they had pleaded not guilty, it was ordered by the court that fifty-five jurors be allowed for the trial of the defendants, and that Monday, February 23, 1903, be set for the trial; and that the court then proceeded in open court, to draw from the jury box of Dallas county the names of sixteen persons; who, with the regular jurors summoned for the week in which this case is set for trial, are necessary to make the number of jurors fifty-five, the number allowed in this order." The record entry then recites that the sheriff should summon the persons so drawn as jurors and serve them, together with the list of jurors regularly summoned for the week, upon the defendants, etc.

There was also set out a list of the jurors, which were drawn and summoned upon the defendants. It was not shown that the defendant raised any question in the trial court as to the organization or drawing of the petit jury.

On the trial of the case, there was evidence introduced tending to show that Fred Robbins was shot and killed by the defendants.

Upon the examination of Viney Rhodes, a witness for the State, she was asked by the solicitor for the State if one James Mixon said anything to John Tipton about Fred Robbins when he came into the room? referring

to the room where John Tipton was in the afternoon before the killing, which killing occurred about 8 o'clock at night. The defendants objected to this question upon the ground that it called for irrelevant evidence. The objection was overruled, and the defendants duly excepted. Upon the witness answering that James Mixon did say something to John Tipton, she was asked what he said. The defendants objected to this question, upon the same ground and duly excepted to the court overruling their objection. The witness answered that James Mixon said that Fred Robbins told him to come down to the room where James Mixon and his wife lived, and he would find John Tipton. The witness was then asked, what reply did John Tipton make, and against the objection and exception of the defendants, the witness replied that John Tipton stated to James Mixon that he would go with him to see Fred Robbins, and that if he told you that, "I will kill you and Fred too." The defendants moved to exclude this answer, upon the ground that it was irrelevant, and duly excepted to the court's overruling their motion.

It is recited in the bill of exceptions that the court stated that said questions and answers were allowed for the purpose of showing the *animus* on the part of John Tipton towards Fred Robbins, and that they were restricted to evidence against John Tipton. The witness Viney Rhodes further testified that said conversation took place about 5 o'clock in the afternoon, and that on the same evening Fred Robbins was shot about 8 o'clock.

MALLORY & MALLORY, for appellants.

MASSEY WILSON, Attorney-General, for the State.
It does not appear that the defendants raised any question as to the organization or drawing of the petit jury before the trial court, and even in the absence of the statute they could take nothing because of the silence of the record in this respect.—*Howard v. State,* 108 Ala. 571; *Smith v. State,* 88 Ala. 73.

It is contended by the defendants' counsel that the record does not show that the evidence was restricted

to John Tipton; but in this counsel is in error. The record affirmatively shows that the evidence was so restricted, and if there had been any doubt as to this, Tom Tipton is in no position to raise the question. He made no objection to the testimony other than the general objection interposed by both defendants, and asked no charge limiting the evidence.—*Wills v. State,* 74 Ala. 21, 25; *McAlpine v. State,* 117 Ala. 93, 99.

DOWDELL, J.—Section 4325 of Criminal Code relative to appeals to the Supreme Court reads as follows: "Such transcript need not contain mere orders of continuance, nor the organization of the grand jury which found the indictment, nor the venire for any grand or petit jury, nor the organization of regular juries for the week or term at which the case was tried, unless some question thereon was raised before the trial court; but in the absence of any such question, such proceedings are, upon appeal, presumed to have been regular and legal."

It does not appear that defendants raised any question before the trial court as to the organization or drawing of the petit jury. The contention, therefore, that the record here (the transcript) fails to show any order of the court directing the summoning of regular jurors for the week at which the trial was had, is without merit. In the absence of any such question, it will be presumed on appeal that the order was made, and that it was regular and legal.

The evidence of the witness Viney Rhodes, which was objected to by the defendants, was clearly relevant and admissible against the defendant, John Tipton, as tending to show *animus* and motive on his part, and it affirmatively appears that this evidence was restricted by the court to the defendant John Tipton. The action of the trial court in this respect was free from error.

These are the only questions presented by the record for our consideration, and we are unable to find that any error has been committed. The judgment appealed from must, therefore, be affirmed.

Affirmed.