# Harrell *v.* The State.

## *Murder.*

(Decided May 13, 1909. ·49 South. 805.)

1. *Criminal Law; Transcript; Failure to Show Organization of Grand Jury.*—Where the record fails to show that any question was raised in respect to the organization of the grand jury, the fact that the transcript fails to show such an organization cannot avail the defendant on appeal. (Section 6256, Code 1907.)

2. *Appeal and Error; Record; Regularity of Trial.*—Where, on appeal, the record specifically set forth that the supernumerary judge held the term of the court at which the indictment was found, it affirmatively appears that the circuit judge failed to attend or hold the court, and that the supernumerary judge properly presided. (Section 3279, Code 1907.)

3. *Homicide; Instructions; Accidental Shooting.*—Where the defendant testified that on the night in question he and deceased visited a certain house, that defendant brought his gun with him but not wishing to carry it into the house he stood it up in a corner of the fence nearby; that he was ahead of deceased when they returned and picked up the gun, and that when deceased came up he caught it by the barrel while the defendant held it by the stock, and while in a friendly scuffle over it, it was accidentally discharged, the defendant not having hold of the trigger or hammer, and not knowing how it was discharged, such evidence repels any inference of gross negligence, necessary to supply the place of direct criminal intent, leaving the case one in which an intentional firing must be shown to make defendant guilty, and hence defendant was entitled to a charge requiring the jury to return a verdict of not guilty unless the jury believe he intentionally fired the gun; the truth or falsity of defendant's testimony being for the determination of the jury and hence, whether or not the shooting was accidental must be left to their determination.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Ess Harrell was convicted of murder, and he appeals. Reversed.

Testifying for himself, the defendant said that he and the deceased went on a visit that night, and about 11 o'clock they left the house where they were visiting and started to return home; that the deceased had brought his gun with him, but, not wishing to carry it

to the house, stood it up in the corner of a fence near by; that defendant was ahead of the deceased, and when he reached the place where the gun was he picked it up; and, when deceased came up, deceased caught hold of the barrel of the gun while defendant held to the stock, and while in a friendly scuffle over the gun it was accidentally discharged, the load taking effect in deceased's bowels. Defendant further testified that he did not have hold of the trigger or the hammer, but only the stock, and did not know how the gun was fired. The charge requested by the defendant is as follows: "Unless the jury believe beyond a reasonable doubt from the evidence in this case that the defendant intentionally fired the gun that killed George Whatley, they will return a verdict of not guilty."

GEORGE A. SORRELL, for appellant. The record does not show the organization of the grand jury that returned the indictment.—Sec. 7282, Code 1907; *Horton v. The State,* 47 Ala. 58; *Stevens v. The State,* 47 Ala. 707; *Parmer v. The State,* 41 Ala. 417. The indictment not having been returned by a legal grand jury, the same is void and its validity can be here raised for the first time.—*Sanders v. The State,* 55 Ala. 183; *Findley v. The State,* 61 Ala. 201; *Berry v. The State,* 63 Ala. 126; *Hall v. The State,* 134 Ala. 110; *Trammell v. The State,* 151 Ala. 18. The court erred in refusing the charge asked.—*Johnson v. The State,* 94 Ala. 35.

ALEXANDER M. GARBER, Attorney General, for the State. No question was raised as to the organization of the grand jury, and hence, it need not be set out in the transcript.—Sec. 6256, Code 1907; *Hatch's Case,* 144 Ala. 50. The court did not err in refusing the charge requested.—*Sanders v. The State,* 105 Ala. 4; *Bouldin v. The State,* 102 Ala. 87; *Tidwell v. The State,* 94 Ala. 33.

DENSON, J.—The defendant was convicted of mur-
der in the second degree, and has appealed from the
judgment of conviction.

Section 6256 of the Code of 1907 provides that the
transcript need not contain the organization of the grand
jury which found the indictment, unless some question
was raised thereon before the trial court. Now, even
if it can be said of the present transcript that it fails
to show the organization of the grand jury, still this
can avail the defendant nothing. The record fails to
show that any question was raised in respect to the or-
ganization.—*Hatch's Case*, 144 Ala. 50, 40 South 113;
*Tipton's Case*, 140 Ala. 39, 37 South. 231.

The record shows that the term of the court at which
the indictment was found was held by the supernumera-
ry judge; and it is here insisted (for the first time) that
the record fails to affirmatively show that the judge of
the Fifth circuit, Hon. S. L. Brewer, failed to attend or
to hold the court. We are of the opinion, and so hold,
that the record, in specifically setting forth that the su-
pernumerary judge held the court, affirmatively shows
that Judge Brewer failed to attend or to hold the court,
and that supernumerary judge properly presided.—
*Peel's Case*, 144 Ala. 125, 39 South. 251; Code 1907, §
3279.

Only one question is presented by the bill of excep-
tions for determination, and that arises on the refusal
of the court to give a charge requested by the defend-
ant. The defendant claimed that the gun was accident-
ly discharged. His statement in this regard is the only
testimony tending to show the manner in which the gun
was handled at the time it was fired; and, after careful-
ly considering same, we are convinced that it repels any
inference of that gross negligence on the part of the de-
fendant, which is necessary to supply the place of direct

[Stone v. The State.]

criminal intent (*Fitzgerald's Case,* 112 Ala. 34, 20 South. 966), thus leaving the case as one in which an intentional firing of the gun was necessary to be shown, to make the defendant guilty of crime. In this view, the charge requested asserts a correct proposition of law, and its refusal constitutes reversible error. Of course, it is for the jury to determine the truth or falsity of the defendant's testimony, and therefore of his claim that the shooting was accidental, and we do not mean to take this question from that tribunal, but simply hold that, under the testimony, it was necessary to a conviction that the jury should believe that the gun was intentionally fired.

For the refusal to give the charge, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.