# Redman v. The State.

## Violating Prohibition Law.

(Decided June 17, 1913.   62 South. 992.)

1. *Appeal and Error; Transcript; Matters to be Included.*—Where no question was made in the lower court relative to the drawing or organizing of the grand or petit juries, the transcript should not contain such matters, and on proper motion, that part of the transcripts will be stricken under section 6256, Code 1907, to prevent unnecessary expense.

2. *Same; Dismissal; Grounds; Pleading Guilty.*—Where a defendant pleads guilty to an indictment in the usual and proper way and reserves no exception, and the sentence imposed is authorized by law, the record does not present a case for an appeal, and the appeal will be dismissed.

APPEAL from Andalusia City Court.

Heard before Hon. A. L. RANKIN.

Ad. Redman entered a plea of guilty to violating the prohibition law, and was sentenced according to law, and appeals.   Appeal dismissed.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. No point was made as to the drawing or organization of either the grand or petit juries, and hence, the transcript should not contain these matters.   The motion to strike should therefore be granted.—*Hatch v. State,* 144 Ala. 50; *Tipton v. State,* 140 Ala. 39; Sec. 6256, Code 1907. Either the State or defendant must pay this increased cost, and hence, the reason for the statute.—Secs. 6572, 6636, 7635, Code 1907.   The case does not present a case for an appeal on the merits, and should be dismissed. —*Bond v. State,* 103 Ala. 90.

[Redman v. The State.]

WALKER, P. J.—A motion is made by the Attorney General to strike that part of the transcript which sets out the venire for, and the organization of, the petit juries in the trial court. The motion is granted. It is expressly provided by statute (Code, § 6256) that "such transcript need not contain mere orders of continuance, nor the organization of the grand jury which found the indictment, nor the venire for any grand or petit jury, nor the organization of regular juries for the week or term at which the case was tried, unless some question thereon was raised before the trial court." No question in reference to the venire for the petit juries or their organization was raised in the trial court. This being true, the appeal presents for review no question which calls for a consideration by this court of the part of the record relating to those matters. The insertion in the transcript of a criminal case on appeal of such matter as that against which the motion to strike is aimed in this case could have no purpose except to add to the taxable costs, made chargeable, according to the nature of the case and its result, against either the defendant, the prosecutor, the fine and forfeiture fund, or the convict fund.—Code, §§ 6636, 6572. The manifest purpose of the statute above quoted is to prevent useless additions to the expenses incident to the administration of the criminal laws. Whether these expenses are to be borne by the defendant or by the public, the provisions of that statute properly may be availed of to prevent the unnecessary increase of such expenses by the act of public officials having a pecuniary interest in making them more rather than less.

Motion granted.

[Dunn v. The State.]

ON THE MERITS.

The judgment appealed from was entered on the defendant's plea of guilty to an indictment in the usual and proper form. No exception was reserved upon the trial, and the punishment imposed was such as is authorized by law. The record does not present a case for an appeal, and the appeal is dismissed.—*Bond v. State,* 103 Ala. 90, 15 South. 893.

. Appeal dismissed.