# Ward v. The State.

### Assault With Intent to Murder.

(Decided June 21, 1913.   62 South. 993.)

1. *Criminal Law; Transcript; Matters Necessary to be Shown.*— Where no question was raised as to the drawing, summoning or empanelling the jury, it is not necessary that the transcript of the record show the organization of the grand and petit jury, and so much of the transcript will be stricken on motion.

2. *Appeal and Error; Harmless Error; Evidence.*—Where the testimony of the prosecuting witness was not contradicted wherein he told defendant he would tear up a pack of cards before he would give them to defendant, and that defendant shot him when he put his hand in his pocket to tear them, it was not prejudicial to defendant to strike out that part of the testimony of his witness in which he stated that the prosecuting witness, put his hand in his pocket, as if he was going to tear up the cards.

APPEAL from Dale Circuit Court.

Heard before HON. MIKE SOLLIE.

Square Ward was convicted of an assault with intent to murder and he appeals.   Affirmed.

H. L. MARTIN, for appellant.   No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.   The organization of the grand and petit jury should be stricken

from the record, as no question was made thereon.—
*Redmon v. State,* present term.   The bill of exceptions
should be stricken because not signed in time, nor was
the record filed within the year.—*Swain v. State,* 60
South. 961.

PELHAM, J.—The attorney General has made a mo-
tion in this case to strike from the transcript the part
thereof showing the organization of certain grand and
petit juries, setting out in full the venires.   No question
is shown to have been raised before the trial court nec-
essitating setting out such organization and venires, and
that part of the transcript relating to those matters is
stricken.—*Redman v. State, Infra,* 62 South. 992, pres-
ent term.

The defendant was indicted for an assault upon one
Will McCarty with the intent to murder him.   The evi-
dence showed that the shooting of McCarty by the de-
fendant grew out of a dispute over a deck of playing
cards.   McCarty testified that the defendant demanded
of him the deck of cards he had in his possession, and
that he refused, and replied that he would tear them up
first, and that when he put his hand in his pocket to
tear them up the defendant shot him.   The defendant
testified that he did not intend to shoot McCarty; that
when McCarty ran his hand in his pocket he shot, but
did not know whether it was accidental or not—that
they were all drinking.

The defendant's witness Emmett Wright testified,
among other things, that McCarty ran his hand in his
pocket like he was going to tear up the cards; that he
did not know whether he had the cards in his pocket or
not.   On motion of the solicitor the court excluded the
statement of the witness, "Like he was going to tear up
the cards."   This action of the court could not possibly

[Smith v. The State.]

have been injurious to the defendant. It was but corroborative of the prosecuting witness' statement, to the same effect, that was undisputed.

The general charge requested by the defendant was properly refused.

We find no error in the record.

Affirmed.