# Hardaman v. The State.

### Murder.

(Decided January 11, 1916.   70 South. 961.)

**Homicide; Record; Setting Down for Trial.**—The statutes requiring a capital felony to be set down specially for trial and the entry of an order directing the sheriff to serve a copy of the indictment and venire upon the defendant are mandatory, and the record must affirmatively show compliance therewith; and while, under practice rule 27, Supreme Court, the special venire itself need not be set out in the record unless some question is raised thereon, yet this does not obviate the necessity of showing in the minutes of the court a compliance with the statute.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Bob Hardaman was indicted for murder in the first degree, and convicted of murder in the second degree, and he appeals. Reversed and remanded.

PINCKNEY SCOTT, and WILLIAM JACKSON, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

PELHAM, P. J.—The statutes require, in the trial of felonies punishable capitally, that the case be specially set for trial, and that an order be entered directing the sheriff to serve a copy of the indictment and jury lists upon the defendant. The indictment on which the defendant was tried charges murder in the first degree, and the record proper does not show a compliance with the statutes requiring the case to be specially set for the

[Bryant v. The State.]

day upon which a trial was had, or that an order was entered requiring the sheriff to serve a copy of the indictment on the defendant, or that service of the venire upon which he was tried was had upon defendant. The defendant objected to being put upon trial, and moved to quash the venire because of a failure to comply with these statutory requirements, and the Attorney General confesses that, because of the failure of the record to properly show these matters, the judgment of conviction should be reversed. It has been uniformly and repeatedly held that these statutes are mandatory, and that the record, to sustain a conviction, must affirmatively show a compliance with them. See *Harper v. State,* 13 Ala. App. 47, 69 South. 302, and authorities there cited. These mandatory statutes referred to, a compliance therewith being necessary to be affirmatively shown by the record to sustain the judgment of conviction, are not obviated, or the error cured, by practice rule 27 (175 Ala. xx, 61 South. vii). These are matters, when necessary to be shown, that can only be shown by the minutes of the court.—Cases, supra.

The act approved September 22, 1915 (Acts 1915, pp. 708, 709), amending section 6256 of the Code of 1907, was subsequent to the trial, judgment of conviction, appeal, and preparation of the transcript and docketing of the case in this court, and can have no bearing on the case presented by this record.

Other questions do not require consideration, as they are not of a nature likely to occur on another trial.

For the reason pointed out, the judgment appealed from must be reversed, and the cause remanded for another trial.

Reversed and remanded.