(75 South. 820)

BAADER v. STATE. (6 Div. 250.)

(Court of Appeals of Alabama. June 5, 1917. Rehearing Denied June 26, 1917.)

1. JURY ⬅⟫25(6)—DEMAND FOR JURY TRIAL—TIME.

Under Acts 1900–01, p. 1343, providing that the judge shall try cases without a jury unless a jury is demanded, where accused did not demand a jury trial, but insisted he should be tried by the court, the solicitor was within his rights in demanding a jury several months after beginning of the prosecution.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 159–164, 170.]

2. JURY ⬅⟫10—RIGHT TO JURY TRIAL.

The provisions for jury trial in prohibition law (Acts 1915, p. 32) are for accused's protection in securing to him the right of trial by jury, and do not apply to the state.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 15, 16, 27½.]

3. CRIMINAL LAW ⬅⟫798(1)—INSTRUCTIONS.

An instruction that if, after the entire jury considered the case, any individual member thereof had a reasonable doubt as to accused's guilt, the jury should find defendant not guilty, even though all the other members of the jury

had no such reasonable doubt, was properly refused.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1940.]

Appeal from Cullman County Court; R. I. Burke, Judge.

G. Baader was convicted of violating the prohibition law, and he appeals. Affirmed.

The facts sufficiently appear.

The following charges were refused to defendant:

(1) If, after considering all the evidence in the case, there is a probability of defendant's innocence, you should acquit him.

(2) If, after the entire jury considered this case, any individual member of the jury has a reasonable doubt as to defendant's guilt, the jury should find defendant not guilty, even though all the other members of the jury have no such reasonable doubt.

Tumlin & Ingram and Emil Ahlrichs, all of Cullman, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

SAMFORD, J. The defendant was charged by affidavit with a violation of the prohibition law. The affidavit contained two counts —one charged that he sold, and the other that he kept for sale, or had in his possession for sale, etc. The defendant was convicted, and from the judgment of conviction he appeals.

[1, 2] The prosecution was begun by affidavit in the county court of Cullman county, in which court a jury is provided, and is, when organized, a part of the court. The defendant did not demand a jury trial, but, on the contrary, insisted that he should be tried by the court, without a jury. The record shows that the solicitor demanded a jury several months after the prosecution was begun. It is provided by Acts of the Legislature of 1900–01, p. 1343, that the judge shall try cases without a jury unless a jury is demanded. There is no time for the demand fixed by that act, and therefore the solicitor was within his rights unless otherwise concluded. The provisions for a jury trial in section 32 of the Prohibition Law (Acts 1915, p. 32) are for the protection of the defendant, in securing to him the right of trial by jury, and do not apply to the state. The right of "trial by jury" is one of the bulwarks of the liberties of the citizen, and, when a defendant has had a fair trial by a jury of his peers, he has had what the law guarantees him.

[3] There are several exceptions to the refusal of the court to give charges in writing as requested by the defendant. The general charge of the court is not set out in the record, as required by Acts 1915, p. 815. The first of these charges was covered by the given charges at the request of the defendant; the second has several times been held to be bad; and the third is the general charge, and was properly refused.

We have examined the several objections and exceptions to testimony as shown by the record, and, after an examination of the entire case, it does not appear that the errors complained of have probably injuriously affected substantial rights of the defendant. Supreme Court Rule 45. There is no error in the record, and the judgment is affirmed.

Affirmed.