(79 South. 362)

HARDLEY v. STATE. (6 Div. 699.)

(Supreme Court of Alabama. May 16, 1918. Rehearing Denied June 20, 1918.)

1. CRIMINAL LAW ⊜⟶1144(8)—APPEAL—PRESUMPTION.
　　In view of Gen. Acts 1915, p. 708, providing that the transcript must not refer to venire for the grand or petit jury, the organization of the regular juries, and the order of special venire are presumed to have been regular and legal.

2. CRIMINAL LAW ⊜⟶1144(7)—APPEAL—PRESUMPTION.
　　In view of Gen. Acts 1915, p. 708, providing that the transcript must not refer to venire for the grand or petit jury, the order fixing a day for the trial is presumed to have been regular and legal.

3. CRIMINAL LAW ⊜⟶1042—APPEAL—OBJECTION TO JUDGMENT ENTRY.
　　In view of Gen. Acts 1915, p. 708, record and judgment entry, though not referring to or-

der for special venire and the drawing and impaneling of the jury, are sufficient, in the absence of objection and exception in the trial court.

**4. HOMICIDE ☞151(3) — SELF-DEFENSE — BURDEN OF PROOF.**

In prosecution for murder under plea of self-defense, accused should have described his position and the circumstances under which he fired the fatal shot, in order to afford basis for an inference that it reasonably appeared to him that he was in peril to life and limb and could not extricate himself from such situation without increasing that peril.

**5. CRIMINAL LAW ☞404(3) — DEMONSTRATIVE EVIDENCE—ADMISSIBILITY.**

In prosecution for murder, cartridges found near place of shooting were admissible, though not shown to fit defendant's pistol, evidence not showing caliber, make, or kind of pistol with which deceased was killed, especially where accused testified that he shot deceased with a pistol of a caliber of the shells found.

**6. HOMICIDE ☞18(1) — MALICE — PREMEDITATION.**

Since Code 1907, § 7084, makes a homicide committed in the attempt to commit burglary or robbery murder in the first degree, the criminal intent involved in the commission of the burglary or robbery takes the place of malice aforethought, or willful, malicious, and premeditated killing.

**7. CRIMINAL LAW ☞829(1)—REQUEST COVERED BY CHARGE.**

Under Gen. Acts 1915, p. 815, refusal of a charge substantially and fairly given in the general charge is harmless.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Walter Hardley, alias, was convicted of murder in the first degree, and he appeals. Transferred from the Court of Appeals under section 6, p. 450, Act of April 18, 1911. Affirmed.

Charge 1 refused to defendant is as follows:

The court charges the jury that, unless you believe from all the evidence in this case that defendant killed deceased intentionally, premeditatedly, and unlawfully, and with malice aforethought, it cannot convict defendant of murder in the first degree.

Paine Denson, of Cullman, and J. N. Powell, of Falkville, for appellant. F. Loyd Tate, Atty. Gen., Emmett S. Thigpen, Asst. Atty. Gen., and A. A. Griffith, of Cullman, for the State.

THOMAS, J. The indictment was for murder in the first degree. The trial resulted in a verdict and judgment in which the death penalty was imposed. The questions for decision are: (1) The sufficiency of the judgment entry; (2) the overruling of defendant's motion for a change of venue; and (3) the refusal of a written charge requested by the defendant.

This record shows that the trial was had on defendant's plea of not guilty, thus showing his arraignment on the indictment under which the trial was had. Howard v. State, 165 Ala. 18, 27, 50 South. 954; Crain v. United States, 162 U. S. 625, 16 Sup. Ct. 952, 40

L. Ed. 1097; Code, 1907, § 7565; Bush v. State, 12 Ala. App. 260, 263, 67 South. 847.

[1, 2] No question was raised before the trial court as to the sufficiency of the venire for either the grand or the petit jury, nor as to the regularity of the organization of the regular juries for the week or term at which the case was tried, nor as to the correctness of the order of the court for a special venire, or of that fixing a day for the trial of the defendant. Upon appeal, such proceedings are presumed to have been regular and legal; and the statute declares that the transcript must not contain the same. Gen. Acts 1915, p. 708; Paitry v. State, 196 Ala. 598, 72 South. 36; Burks v. State, 73 South. 824;[1] Price v. State, 14 Ala. App. 89, 71 South. 972.

It has been recently declared that in trials for capital felonies, objections to the impaneling of the jury must be taken in the trial court, and exceptions duly reserved to the rulings thereon, in order that the rulings may be presented for review on appeal (Hendley v. State, 76 South. 904;[2] Brassell v. State, 91 Ala. 45, 8 South. 679), because the drawing and organization of the jury is presumed to be correct where its recital is omitted from the record (Tipton v. State, 140 Ala. 39, 37 South. 231; Hatch's Case, 144 Ala. 50, 40 South. 113; Harrell v. State, 160 Ala. 91, 49 South. 805; Gen. Acts 1915, p. 708). In Patterson v. State,[3] due objection was interposed and exception reserved to the ruling of the trial court on the motion to quash the venire, compelling the defendant to select a jury from a venire of less than 50 jurors. Similarly due exception was reserved in Hardaman v. State, 14 Ala. App. 27, 70 South. 961, for the failure to comply with the statutory requirements as to setting the cause for trial, entering an order requiring the sheriff to serve a copy of the indictment on the defendant, and showing service of the venire upon which he was tried on the defendant.

[3] This record and the judgment entry therein are sufficient, under the statute, in respect to the order for a special venire, and the drawing, organization, and impaneling of the jury for the defendant's trial in the absence of due objection made and exception taken in the trial court. Paitry v. State, supra; Gen. Acts 1915, p. 708; Hendley v. State, supra.

It will be noted that Kinnebrew v. State, 132 Ala. 8, 31 South. 567, and Burton v. State, 115 Ala. 1, 22 South. 585, were decisions under Code 1896, § 4325. The original statute did not contain the words, "nor the order of the court for a special venire or fixing a day for the trial of the defendant." The latter clause of this quoted provision was introduced by the act of 1915 as an amendment to section 6256 of the Code of 1907.

The record now shows a sufficient order of

---

[1] 15 Ala. App. 459. [2] 200 Ala. 546. [3] Post, p. 65, 79 South. 459.

the trial court for a copy of the indictment and of the venire to be forwith served by the sheriff on the defendant, as required by section 32, Gen. Acts 1909, pp. 305, 319, as amendatory of section 7840 of the Code.

A careful consideration of the evidence submitted on the motion for a change of venue convinces us that no error was committed in the overruling of the motion. It is unnecessary to review that evidence. Seams v. State, 84 Ala. 410, 4 South. 521; Hawes v. State, 88 Ala. 37, 7 South. 302; Posey v. State, 73 Ala. 490; Godau v. State, 179 Ala. 27, 60 South. 908; McDaniels v. State, 162 Ala. 25, 50 South. 324; McClain v. State, 182 Ala. 67, 78, 62 South. 241; Gen. Acts Sp. Sess. 1909, p. 212, amendatory of section 7851 of the Code of 1907.

[4] There is no merit in defendant's objections and exceptions reserved on the introduction of the evidence. The defendant should have described his position and the circumstances under which he fired the fatal shot, to afford basis for inference by the jury that it reasonably appeared to the defendant that he was in peril to life or limb, and that he could not extricate himself from such situation without increasing that peril.

[5] The cartridges or shells found within a few feet of the door of the deceased, near the place of the shooting, were of evidential value, for the consideration of the jury along with all the other evidence; notwithstanding they were not shown to fit the defendant's pistol. The cartridges or shells were shown to be those of a 32-caliber automatic Colt's pistol, and the evidence did not show the make, kind, or caliber of the pistol with which the deceased was killed. While it is true that the defendant may have had witness Bullard's 38 Smith & Wesson pistol with him on the night of the killing, yet this would not conclusively show that he did not also have a 32 automatic Colt's pistol, with which he killed the deceased. Moreover, the defendant testified that he shot deceased with a 32 automatic pistol, that it would shoot nine times, and that the shells would fall out when it was shot. Considered in connection with this testimony, the evidence in question tended to show defendant's location when he fired on deceased.

[6] There was evidence for the state tending to show an attempt to commit burglary or robbery. A homicide committed in the perpetration, or attempted perpetration, of arson, rape, robbery or burglary is by statute declared to be murder in the first degree. Code 1907, § 7084. The criminal intent which is involved in the commission, or attempted commission, of either of these felonies "supplies the place of 'malice aforethought' of the common law, the essential and distinguishing characteristic of murder, and of the specific intent to take life, or the 'willful, deliberate, malicious and premedi-

tated killing,' which is the element of one class of homicides the statute denounces and punishes as murder in the first degree. Fields v. State, 52 Ala. 348; Mitchell v. State, 60 Ala. 26." Kilgore v. State, 74 Ala. 1; Code, § 7084.

[7] Mr. Justice McClellan is of the opinion that defendant's requested written charge 1 was properly refused under that phase of the evidence tending to show that deceased was killed by defendant while the latter was attempting to commit burglary or robbery. The other justices are of the opinion that, whether said charge was or was not properly refused, it was substantially and fairly given to the jury in the court's general charge. Gen. Acts 1915, p. 815; Clinton Mining Co. v. Bradford, 200 Ala. 308, 76 South. 74, 79; West v. Arrington, 200 Ala. 420, 76 South. 352; Jeffries v. Pitts, 200 Ala. 201, 75 South. 959, 965; Baader v. State, 16 Ala. App. 144, 75 South. 820; Tarwater v. State, 16 Ala. App. 140, 75 South. 816; Reynolds v. State, 196 Ala. 586, 72 South. 20.

The judgment of the circuit court is affirmed. Affirmed.

ANDERSON, C. J., and MAYFIELD, SAYRE, SOMERVILLE, and GARDNER, JJ., concur. McCLELLAN, J., concurs as stated.