(88 South. 57)

CULPEPPER v. STATE. (4 Div. 653.)

(Court of Appeals of Alabama. June 29, 1920. Rehearing Denied Nov. 9, 1920.)

1. CRIMINAL LAW ⚖️1094 — JUDGMENT AFFIRMED IN ABSENCE OF BILL OF EXCEPTIONS OR ERROR IN RECORD.

Where the record contained no bill of exceptions and the time for filing bill of exceptions had expired, and there was no error in the record, the judgment will be affirmed.

On Rehearing.

2. CRIMINAL LAW ⚖️1086(12), 1144(11)—RECORD NEED NOT SHOW DEFENDANT PRESENT WHEN ORDER FOR SPECIAL VENIRE AND FIXING DATE FOR TRIAL WERE MADE, REGULARITY BEING PRESUMED.

In view of Code 1907 § 6256, as amended by Acts 1915, p. 708, making it unnecessary for the transcript to contain the order for special venire, or the order fixing the date for the trial, unless some question thereon was raised before the trial court, the record on appeal is not required to show that defendant was present when the court made such orders; it being presumed that the proceedings were regular and legal, and that the defendant was present when such orders were made.

Appeal from Circuit Court, Pike County; A. B. Foster, Judge.

Charlie Culpepper was charged with murder in the first degree, convicted of murder in the second degree, and he appealed. Affirmed.

W. L. & R. S. Parks, of Troy, for appellant.

The record must affirmatively show that the defendant was present when the order was made fixing a day for the trial and ordering a special venire. 71 Ala. 17; Acts 1915, p. 708.

J. Q. Smith, Atty. Gen., and Lamar Fields, Asst. Atty. Gen., for the State.

The case cited by appellant has no application to the instant case. The rule has been entirely changed by Acts 1915, p. 708; 202 Ala. 24, 79 South. 362.

MERRITT, J. [1] The defendant was convicted of murder in the second degree, and his punishment fixed at 10 years in the penitentiary. The record contains no bill of exceptions, and the time for filing same has expired.

There is no error in the record, and the judgment of conviction is affirmed.

Affirmed.

On Rehearing.

[2] The only point raised by counsel for appellant in their application for rehearing is that it does not appear from the record that the defendant was present when the court made the order for the special venire to try the case and the order fixing the day for the trial of the case. By the provisions of the act of 1915 (Acts 1915, p. 708, amending section 6256 of the Code), it is not necessary that the transcript contain the order of the court for a special venire, or fixing the day for the trial of the defendant, unless some question thereon was raised before the trial court, which was not done. With the elimination of these orders, no question being raised as to the same having been done, it is difficult to understand just where or how it should appear in the transcript that the defendant was present when that was done, which the law prescribes should not appear, and presumes on appeal that such proceedings were regular and legal, in the absence of any question being raised.

The case of Sylvester v. State, 71 Ala. 17, was decided many years prior to the 1915 enactment, and cannot be questioned as to its correctness as applicable to what the transcript should contain at that time.

There being no question raised in the trial court, and the transcript appearing without the order of the court for a special venire or fixing a day for the trial of the defendant, the presumption is not only that such proceedings were had, but that they were regular and legal, and they certainly could not have been regular and legal unless the defendant was present when they were made. Hardley v. State, 202 Ala. 24, 79 South. 362; Redman v. State, 8 Ala. App. 408, 62 South. 992.

Application for rehearing overruled.