(88 South. 194)

EASLEY v. STATE. (6 Div. 751.)

(Court of Appeals of Alabama. Jan. 11, 1921.)

HOMICIDE ⬥248—MATRICIDE HELD ACCIDENTAL.

In a murder trial, evidence held to show that accused's shooting and killing of his mother was caused by accident in his handling a pistol he had found and was showing her, so that accused's conviction of manslaughter in the first degree should be reversed, and new trial prayed for awarded, under Acts 1915, p. 722.

Appeal from Circuit Court, Pickens County; R. I. Jones, Judge.

Ed Easley was convicted of manslaughter in the first degree, and he appeals. Reversed and remanded.

M. B. Curry, of Carrollton, for appellant.

After discussing, with citation of authority, certain exceptions to the evidence, counsel insist that under the evidence defendant is not guilty of any offense, and that his motion for new trial should have been granted, and in support thereof he cites 12 Ala. App. 16, 67 South. 773; 77 Ala. 56; 95 Ala.

22, 11 South. 14; 110 Ala. 27, 20 South. 119; 119 Ala. 1, 25 South. 255; 125 Ala. 31, 27 South. 775.

J. Q. Smith, Atty. Gen., for the State. No brief came to the Reporter.

MERRITT, J. The defendant was indicted for the offense of murder in the first degree. He was convicted of manslaughter in the first degree and was sentenced to two years' imprisonment in the penitentiary.

The record discloses that this defendant is a small negro boy about 16 years of age, and that deceased was his own mother. From a careful examination of all the testimony we are unable to find any fact which even tends to show that the killing was intentional or unlawful. To the contrary, it clearly appears that this small negro boy was living with his mother in perfect harmony, that he loved his mother, and that there had never been any differences or trouble between them of any kind or character. We cannot help but be impressed, after a thoughtful and careful consideration of all the testimony in this case, that the killing by this boy of his mother was the result of a deplorable and unavoidable accident. If this is true, the defendant should not be punished. It appears that the defendant found an old rusty pistol in the loft of the home where he and his mother and sisters lived, and that when he got down from the loft his mother and sister were in the room, and he thereupon told his mother of having found the pistol, and that in turning the pistol over in his hands it accidentally fired, the bullet striking his mother in the side above her right hip, and after the pistol fired it fell out of defendant's hands upon the floor; that immediately thereafter the screaming and holloaing, because of the accident, commenced, and the deceased stated to those who rushed in at once that her baby boy had shot her accidentally and that he did not intentionally shoot her. All the witnesses who were present at the time the pistol fired, as well as those who arrived immediately, bear out this statement, and these facts, coupled with the fact that the undisputed evidence shows that there was no trouble of any character between appellant and his mother, that they were in perfect accord and had had no differences of any kind or character, coupled with the further undisputed facts as to the conduct of the defendant after the accident occurred, by remaining present and in deep grief assisting in every possible manner towards helping his mother, convinces this court as before stated, that no crime has been committed, and that there was no evidence or any inferences from any of the evidence upon which to predicate a verdict of guilt.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Entertaining, as we do, this view of this case, there is no necessity of discussing the several questions presented by this appeal. Suffice it to say we are of the opinion that the court erred in declining to grant the defendant a new trial, and the court's ruling in this connection is hereby, because of such error reversed, and the new trial prayed for is awarded. Acts 1915, p. 722.

Reversed and remanded.