248 So.2d 158

**Paul COOK**

v.

**STATE.**

**4 Div. 56.**

Court of Criminal Appeals of Alabama.

May 11, 1971.

Wade H. Baxley, Dothan, for appellant.

MacDonald Gallion, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

PER CURIAM.

This is an appeal from a conviction of the offense of murder in the second degree for the killing of Marcelle Brannon. Sentence was fixed at fifty years in the penitentiary.

The evidence for the State tends to show that in the early morning hours of August 28, 1969, the defendant drove into the parking lot of the Parkway Restaurant in Dothan, Alabama, for the purpose of returning Mrs. Zooline Brannon to her parked car. Earlier in the evening of August 27, 1969, the defendant met Mrs. Brannon in the parking lot and she left her car parked while they visited several lounges together. The defendant testified he knew that Mrs. Brannon was separated from her husband, but did not know the husband had returned home the Sunday before the shooting on Thursday.

Mrs. Brannon testified that as she was getting out of defendant's automobile another car drove up in front of defendant's car and her husband, Marcelle Brannon, jumped out and ran to the defendant's side of the automobile. The deceased's right arm was raised, but she could not say whether or not he had a weapon in his hand.

The defendant testified he saw the deceased approaching his car and that he began backing his automobile to get out of his way, but deceased reached the car, jerked the door open and defendant could see a weapon in his raised right hand. When he was unable to escape, defendant stated he got his gun out of the glove compartment and shot the deceased. The defendant stated· he had never seen Mr. Brannon and didn't know who the man was he had shot.

The state toxicologist testified Mr. Brannon's death resulted from a massive external hemorrhage and shock caused by a bullet wound to the head.

Sergeant Peterson of the Dothan police department testified that while he was working as desk sergeant at approximately 5:00 A.M., August 28th, the defendant came to the police station and stated, "that he had drove in behind the Parkway Restaurant to put his girl friend off and a man had walked up to his car and jerked the car door open and he had shot at him." The defendant stated he did not know who the man was, he had his hand "drawed

back," but he didn't know if he had a weapon or anything in his hand.

■ The defendant objected to Sergeant Peterson's testimony on the ground that he was not warned of his constitutional rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The statement, volunteered by the defendant, is not rendered inadmissible by failure to give the *Miranda* warnings. Ison v. State, 281 Ala. 189, 200 So.2d 511; Nicholas v. State, ante, p. 408, 243 So.2d 391.

■ In his motion for a new trial the defendant contends that his evidence made out a case of self defense and that the verdict is contrary to the great preponderance of the evidence. Under the evidence presented it was a questionable issue of fact for the jury to determine whether the defendant was in imminent peril or used all reasonable means to escape from the fatal affray, and that he shot to protect himself. Austin v. State, 30 Ala.App. 267, 4 So.2d 442; Ray v. State, 253 Ala. 329, 45 So.2d 4; Hayes v. State, 45 Ala.App. 108, 226 So.2d 168. Even though the defendant's evidence is without dispute, its credibility is for the jury and the jury may, in their discretion, accept it as true or reject it. Cooley v. State, 233 Ala. 407, 171 So. 725. The evidence was sufficient to support the verdict.

■ The appellant also asserts as error in the overruling of the motion for a new trial that a juror, Judy Jackson, was prejudiced against him and had preconceived notions concerning his guilt. At the hearing on the motion for a new trial B. J. Dasinger testified that about a week after the killing and prior to his being selected as a juror, Mr. Jackson stated to him, "If he (Paul Cook) shot Brannon,—He's guilty of murder and ought to get the chair or life one."

The juror, Judy Jackson, testified that he did not recall making such statement to Mr. Dasinger but did not deny making it; that when he qualified as a juror he swore on oath that he would try the case on the evidence and that he did not have a fixed opinion as to defendant's guilt or innocence and was not prejudiced for or biased against him; that he reached the verdict of guilty solely from the evidence in the case.

In Wyatt v. State, 36 Ala.App. 125, 57 So.2d 350, This court held:

"The true test is the state of the juror's mind or feeling is at the time he is selected and qualified on the venire. Even though he may previously have expressed an opinion, or heard part of the evidence and argument on a former trial, or has expressed an opinion based on rumor or newspaper accounts, yet if he makes known that as a juror he would be uninfluenced, and that his verdict would be governed solely by the evidence and instructions of the court, he is competent to serve as a juror." (Citations omitted)

The denial of the motion for a new trial on the ground of the juror's preconceived notion of appellant's guilt was proper under the above stated principle.

We have searched the record and find no reversible error. The judgment is due to be and hereby is affirmed.

Affirmed.