The appellant, an expert in the Korean martial art of Tae Kwon Do, killed Geraldine Feagin by striking her with his hand. The single blow lacerated Ms. Feagin's liver causing shock, hemorrhage and death. A jury convicted the appellant of murder in the first degree and set punishment at life imprisonment. *Page 334 
 I
Initially the appellant contends that the prosecutor made a "grossly abusive prejudicial comment" in closing argument containing "a racial slur directed toward the appellant, a direct reference to police brutality, and a smear of the process of waiver of constitutional right".
 "ASSISTANT DISTRICT ATTORNEY: We know that everything he has said time and time again to you, to the Police and everything is a lie continually right down the line. And he got on that witness stand and he lied to you and he told you that they shoved that confession to him and he signed it. Shoved it in front of me and I signed it, that's what he said. You are going to have it back there. And age after page after page he wrote in changes. You've got this, this is in evidence, and you are going to have it back there. And page after page after page he wrote in something that they shoved in front of him and said sign it. And brutal Mr. Knight standing over him with a club saying boy, sign it, or I will kill you.
The trial court did not rule on the objection made by defense counsel but instructed the jury in the following language:
 "Members of the jury, you heard what was said. And you may consider what is in the evidence and disregard that which is not in the evidence."
At the beginning of trial the judge instructed the jury that "(w)hat the attorneys say is not evidence in this case". SeeAustin v. State, 354 So.2d 40 (Ala.Cr.App.), cert. denied,354 So.2d 44 (Ala. 1977).
In attempting to explain a statement in his written confession which conflicted with his trial testimony, the appellant stated he "possibly more than likely overlooked it from having a statement pushed at (him) and signed". Immediately afterward the appellant stated that he would not have the jury believe that he "only just signed this statement when it was pushed at (him) and that (he) didn't read it".
After his arrest, the appellant initially denied any involvement in Feagin's murder. However, shortly thereafter he retracted a part of that statement and gave a second written statement in which he admitted the killing but maintained that it was an accident.
There is no evidence to show that either statement was coerced and when both statements were offered in evidence, after the State had laid a predicate for voluntariness, defense counsel specifically stated "no objection".
Clearly the prosecutor's argument of "brutal Mr. Knight standing over him with a club saying boy, sign it, or I will kill you" is improper because it is not supported by any evidence.
To require a reversal on the ground that the prosecutor has made a statement unsupported by the evidence, the objectionable statement must be made (1) as of fact, (2) the fact must be unsupported by any evidence, (3) must be pertinent to the issues, and (4) its natural tendency must be to influence the finding of the jury. Smith v. State, 261 Ala. 270, 73 So.2d 916
(1954); Madison v. State, 55 Ala. App. 634, 318 So.2d 329, cert. denied, 294 Ala. 764, 318 So.2d 337 (1975).
Here the prosecutor's statement concerning "brutal Mr. Knight" was entirely extraneous to any issue actually involved in the appellant's trial. Moreover, it did not have a natural tendency to influence the finding of the jury. "Although being a statement of fact unsupported by the evidence, not being pertinent to the issue of defendant's guilt and not having a natural tendency to influence the finding of the jury, it fails to meet the requirements of the rule for reversal of the cause." Smith, 261 Ala. at 272-273, 73 So.2d 916 at 918. It is not every improper remark to which objection is not sustained which will require a reversal. Simpson, 354 So.2d 317, 322, (Ala.Cr.App.), cert. denied, 354 So.2d 324 (Ala. 1978); Parkerv. State, 337 So.2d 1378, 1381 (Ala.Cr.App. 1976). We do not regard the remarks in question as having a natural tendency to influence the jury adversely to the appellant or to have denied him a fair trial under *Page 335 
the facts and issues of this case. The credibility of a witness is a legitimate subject of criticism and discussion. Smith v.State, 344 So.2d 1239, 1242 (Ala.Cr.App.), cert. denied,344 So.2d 1243 (1977).
While the instructions of the trial judge could have been more emphatic, under the circumstances, they were sufficient to remedy any prejudice in the prosecutor's remarks.
 II
The trial judge sustained the State's objections to the appellant's answers that (1) he accidentally killed the deceased, (2) that he took her clothes because he panicked and "didn't know what else to do", and (3) that the appellant told the truth in his written statement given to the police.
The rule is that a witness may testify on direct examination to his intention, motive, or other physically unexpressed mental state, provided that the testimony is material to the issues in the case. Starr v. Starr, 293 Ala. 204, 301 So.2d 78
(1974).
Responses (1) and (2) were made by the appellant to questions requiring simply a yes or no answer. The State specifically objected on this ground and the court sustained. The appellant's answers were only partly responsive and constituted an unsolicited attempt to explain his actions. Therefore the objection was properly sustained, the matter being within the sound discretion of the trial judge. Lowman v. State, 161 Ala. 47,50 So. 43 (1909). Furthermore, evidence that the killing was accidental and that the appellant panicked afterward was properly before the jury from other testimony given by the appellant and contained in his confession.
The question, "Did you tell him the truth?", was improper as calling for a conclusion within the province of the jury. The truth or falsity of a voluntary confession is a question for the jury. Huffman v. State, 130 Ala. 89, 92, 30 So. 394
(1901)." A question of whether or not a witness has told the truth calls for a conclusion and is invasive of the jury's province." Elliott v. State, 48 Ala. App. 515, 517,266 So.2d 318, 320, cert. denied, 289 Ala. 742, 266 So.2d 321 (1972).
 III
We have reviewed the evidence and find that it is sufficient to support the conviction for murder in the first degree.
Here the body of a twenty-three year old nude female was discovered in the bathtub of a room at a motel. The room was not registered to anyone. The victim's death was caused by some blunt force trauma to her abdomen. The time of death was between 12:30 and 6:30 on the afternoon of October 23, 1975. The appellant was seen walking with the deceased in the direction of the motel that afternoon. That very night, while demonstrating Karate to some friends, the appellant admitted killing someone with his hands but stated that he "couldn't tell . . . who it was". After the police came to the house of Mary June Carter, the appellant told her, "Bitch, if you call the police on me, I done kilt one, now I will kill you".
The appellant was a martial arts expert. After his arrest he gave two conflicting statements. Initially the appellant denied any direct knowledge of the death of the deceased. However, in a second statement the appellant confessed to the killing but claimed that it was accidental. In this second statement the appellant admitted placing the victim in the bathtub and attempting to wash fingerprints off her skin and taking her clothes and putting them in a trash dumpster. There was some evidence that the appellant attempted to revive Ms. Feagin using artificial respiration. In its case on rebuttal the State introduced evidence of flight by the appellant.
Under these circumstances the question of whether the death was criminal or the result of a mere accident was for the jury's determination. Harrell v. State, 160 Ala. 91, 49 So. 805
(1909); Little v. State, 340 So.2d 88 (Ala.Cr.App. 1976). The State does not have the burden of proving the lack of an excuse for the commission of a *Page 336 
homicide. Henderson v. State, 11 Ala. App. 7, 65 So. 721 (1914). Every killing is unlawful unless expressly excused or justified by law; a homicide being shown, the defendant must prove circumstances in mitigation, excuse or justification unless shown by the evidence produced against him. Champion v. State,35 Ala. App. 7, 44 So.2d 616, cert. denied, 253 Ala. 436,44 So.2d 622 (1950). Malice may be inferred from the character of the assault and the facts and circumstances surrounding the offense, Kirkland v. State, 21 Ala. App. 348, 108 So. 262
(1926), including the nature and amount of force used in inflicting the fatal injury. Diamond v. State, 219 Ala. 674,676, 123 So. 55 (1929); Clarke v. State, 117 Ala. 1, 23 So. 671
(1898).
The evidence that the killing was accidental was far from the quality and quantity produced in Easley v. State, 17 Ala. App. 667,88 So. 194 (1921). The jury is not bound to accept the testimony of a defendant as true, Kemp v. State, 278 Ala. 637,639, 179 So.2d 762 (1965), and, thought the defendant's testimony with regard to the accidental nature of the killing was without dispute, its credibility was for the jury who could, in their discretion, accept or reject it. Cook v. State,46 Ala. App. 663, 665, 248 So.2d 158 (1971).
We have searched the record and found no reversible error. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.