BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant was indicted for robbery, tried before a jury, and convicted. *570 The jury fixed punishment at 21 years imprisonment. He was represented at nisi prius by appointed counsel because of his indigency; also on this appeal by different but appointed counsel.
It appears that appellant was previously tried and convicted for the same offense. The jury fixed punishment at 12 years imprisonment. He was represented at nisi pruis by employed counsel. He took an appeal and was again represented by employed counsel. This Court reversed the first judgment of guilt because the trial court refused to give a written charge, tendered by defendant, with respect to the legal effect of the alibi which defendant sought to establish. Carlisle v. State, 356 So.2d 702.
It appears in the indictment and in the record that the victim of the robbery was a pharmacist working in a drugstore in Jefferson County. He was on duty where the alleged robbery took place about 4 p. m. on November 6, 1975. There were two or three customers in the store at the time.
Two men entered the store, one of them presented a pistol and demanded narcotics. The other remained in the front while the pharmacist and the other robber went to the rear where the victim surrendered a quantity of narcotics of a proven value as alleged in the indictment. An unsuccessful attempt was made to open the cash register and take the money therein. Mechanical failure prevented the theft from the register.
The two robbers left the drugstore in a hurry to an outside area of the store.
One of the customers notified the policy by telephone. The incident was put on the radio police dispatch and picked up by an officer who was patrolling near the drugstore — the scene of the robbery.
This officer immediately put out dispatch to other officers and alerted them to watch for the offenders who were riding in a described Pontiac. It seems that one of the alerted officers knew defendant and spotted him on the highway not so far from the drugstore. These officers gave chase. They lost the Pontiac for a while, but later recognized the car and the defendant in another area, close to where they had seen him. As they approached, defendant and his two companions abandoned the Pontiac and ran. The record shows that an alerted detective saw defendant, drew his gun, and demanded that he stop. The defendant obeyed and was put under arrest.
As to what became of the other two, it appears that they were arrested and pled guilty to the robbery. They did not appear as witnesses for either side in the trial here under review.
Suffice it is, that there is no evidence that defendant was physically present with the two who went in the drugstore. Defendant was tried as an accomplice and as the alleged driver of the Pontiac, the getaway vehicle.
Defendant in the present trial took the stand. He admitted that he used his brother’s Pontiac to transport the two actual robbers to a point near the drugstore to get some “pot.” It seems from his testimony that the two told defendant that the person from whom they were to get the “pot” would not make the sale in the presence of a stranger. Hence, defendant remained behind and on their return took them in the Pontiac for further transportation. It was after this that the chase began and defendant was apprehended and arrested.
One witness testified that he was in his car riding on a ramp where a Pontiac passed at a rapid speed from which one of the occupants threw a pistol to the ground that fired when it hit and fired again as it bounced the second time. The witness got out and retrieved the pistol with the aid of a pencil to keep from erasing fingerprints. He delivered this pistol to the police authorities. Fingerprints lifted from the pistol were not identifiable.
Appellant’s counsel here asserts that his client was denied effective assistance of counsel by the circuit court’s failure to timely appoint counsel after request and to grant a continuance to allow appropriate preparation.
*571 It appears in the record that there was some uncertainty as to whether or not defendant would need appointed counsel. It seems from the evidence on motion for a new trial that defendant, with the aid of employed counsel, filed an appropriate petition in the circuit court for reduction of bail. This petition was prepared and presented by Mr. Sutton, a Birmingham attorney, who contended in the circuit court that bail should be reduced. Upon denial, he obtained a review of this Court. Mr. Sutton was subsequently appointed by the circuit court to represent defendant on the trial below.
It appears in the record that the petition for reduction of bail was filed on April 22, 1978. The petition, after denial and appeal taken, was argued in the court on May 8, 1978. Mr. Sutton testified on motion for new trial as follows:
“Q All right, sir. Now what preparation, if any, did you make for this bond reduction petition?
“A Mr. Carlisle, Jimmy’s father, had a copy of the transcript from the first trial and I had that available and I think primarily I depended upon that.
“Q All right, sir. In your preparation for drafting the motion and so forth and presentation to the Circuit Court and then to the Appellate Court? (sic)
“A And also checked the court file upstairs and I read all the things that had been done in his case prior to that time. “Q All right, sir. You were aware that the case had been reversed on appeal, that it had been tried by a lawyer from Tuscaloosa and that it had been appealed by Roger Brown or Rusty McDonald? “A Yes.”
The present nisi prius trial was begun on June 12, 1978. Mr. Sutton was appointed on June 6,1978, and notified in Mr. Sutton’s best judgment on June 8, 1978.
It appears that before the trial that Mr. Sutton made an informal request for a continuance. This request was submitted to Judge Jasper’s law clerk who came back and reported that Judge Jasper would not agree to a continuance. Judge Jasper, at the time, was in charge of setting criminal cases for trial. No formal motion was ever presented to the trial court nor objection made to going to trial. There was no arraignment following reversal of the first judgment of guilt.
After hearing the evidence on the motion, the trial court (Judge Cole) made an observation that appears as follows:
“Let’s see, what else I have got. I might also say this. Sutton is a good enough lawyer. He can handle this case. Sutton tried a case this week and got the guy off clean. I though they had a lock on him. I thought the State was going to win hands down on a grand larceny case, it was a decoy case where the State puts a decoy out and catches him.
“I think that is the one he tried. I have tried four this week, but I think that is the one. But, anyway, he won a case this week before a jury. I can’t say anything more.
“I don’t think there is error in the case. I think this man got a fair trial. He has had two now and I think Sutton, considering what he had to work with “I mean, pshaw, he had this defendant — I mean there wasn’t much doubt about his guilt. Of course, that is just my opinion and I guess I would feel that way anyway since I have seen him convicted twice. I think Sutton did a creditable job with what he had to work with and I don’t mean he couldn’t be prepared. He was prepared but his trying the case was no different in this case than the first case except the first case they used the guy that had taken a fall for twenty years from the pen, upstairs.
“He put the defendant on the stand this time. The defendant didn’t take the stand in the first trial, as I recall, so I guess Sutton figured lose one way, try another way. I don’t know but I would say I think the defendant himself wanted to take the stand in this case, but I don’t know that.
“So I am just going to overrule this motion for a new trial and let the thing sit where it is.”
*572 We have read the entire record and in our opinion the motion was properly denied. Attorney Sutton does not point out that we can find what he would have done different if he had been granted a continuance. We conclude that Mr. Sutton handled the case responsively as a sincere and conscientious attorney in his efforts to get his client a fair trial. It is sheer speculation that the results would have been different had the informal motion for a continuance been granted. Mr. Sutton having read the prior record, we conclude that it is doubtful that continuing could have been added to Mr. Sutton’s information had he been given more time. We think Judge Cole’s impression, supra, was pertinent to the issue here asserted.
II
Appellant further asserts an issue as follows: “Trial counsel was ineffective because of lack of time for adequate preparation.”
As we have already observed, we think the judgment of guilt and fixation of punishment should not be charged to the alleged ineffectiveness of Mr. Sutton. He was laboring to free a guilty client in the judgment of the jury. He presented his case to the jury in an able fashion and lost. Appellant’s present and able attorney on this appeal per chance might not have achieved different results had he been defendant’s attorney at nisi prius. Lankford v. State, Ala.Cr.App., 354 So.2d 297(3, 4, 5).
We hold that defendant got a fair trial and was ably represented. We think the judgment should be affirmed. It is so ordered.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.